Arthur Aloysius Smith, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

118

Submitted on briefs December 7, 1983, to Judges Rogers, Williams, Jr. and Barbieri, sitting as a panel of three.

*Albert C. Oehrle, Wilson, Oehrle, Drayer & Furber*, for appellant.

*Glenn R. Davis*, Assistant Counsel, with him *Harold H. Cramer*, Assistant Counsel, *Ward T. Williams*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellee.

Opinion by Judge Rogers, February 2, 1984:

This is an appeal of a holder of a motor vehicle operator's license from an order of the Court of Common Pleas of Montgomery County affirming the suspension of his driver's license pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b), for his refusal to submit to a chemical analysis of his breath or his blood for the purpose of determining his blood alcohol content.

On March 28, 1981, the appellant was involved in a serious automobile accident. He was removed from his car in an unconscious state. After regaining consciousness and refusing further medical treatment, he was arrested by a police officer and charged with driving under the influence of intoxicating liquor. The police officer advised the appellant of his constitutional rights and asked him to submit to a blood test. The appellant refused. The officer then advised the appellant that his refusal to submit to a test would result in a six month suspension of his operator's license. The appellant again refused.

Because of the seriousness of the accident and the possibility that criminal charges more serious than driving under the influence of drink might be made against the appellant, the police officer obtained a search warrant empowering the authorities to perform a blood test without the appellant's consent. The appellant was taken to a hospital where, prior to the taking of a blood sample, the appellant executed a form of consent presented to him by an employee of the hospital.

The analysis of the sample taken from the appellant showed the amount of alcohol by weight in his blood to be .20%. The appellant later pled guilty to two counts of homicide by motor vehicle. The charge of driving while under the influence of alcohol was nolle prossed.

The appellant was later notified by the Department of Transportation that his motor vehicle operator's license was to be suspended for a period of six months for his refusal to submit to the tests described in Section 1547 of the Vehicle Code. The appellant appealed this action to the Court of Common Pleas of Montgomery County which, after a hearing, upheld the suspension. The appellant on appeal claims that

he in fact consented to the blood test by signing the hospital's consent form.

Operators' licenses are properly suspended under Section 1547 of the Vehicle Code in cases where the operator of a motor vehicle (1) has been arrested for driving while under the influence of intoxicating liquor; (2) has been requested to submit to a test; (3) has been told that he could lose his operating privileges if he refused to take the test; and (4) has refused to submit. *Everhart v. Commonwealth*, 54 Pa. Commonwealth Ct. 22, 420 A.2d 13 (1980). Anything substantially less than an unqualified, unequivocal assent to take a breathalyzer test constitutes a refusal. *Weitzel Appeal*, 41 Pa. Commonwealth Ct. 235, 400 A.2d 646 (1979).

The appellant in this case unequivocally refused the police officer's request that he submit to testing. The police officer testified:

> I did place Mr. Smith (appellant) under arrest for driving under the influence of intoxicating liquors, advised him, Mr. Smith, of his Constitutional rights. . . . I asked Mr. Smith if he would submit to a breathalyzer test to determine the amount of alcohol in the blood. Mr. Smith refused.
>
> I then asked Mr. Smith if he would submit to a blood test for the same purpose. Again, Mr. Smith refused. At this time I advised Mr. Smith that he would lose his license for a minimum of six months for refusal of this test and again I asked him if he would submit and he refused.

The appellant's execution of a hospital consent form three hours after he had refused the police officer's request and after a warrant for a blood test was obtained could not accomplish avoidance of the conse-

quence of the refusal. *See Commonwealth v. O'Rourke*, 25 Pa. Commonwealth Ct. 580, 361 A.2d 496 (1976) and authorities there cited.

The appellant also contends that the trial court abused its discretion by refusing to admit into evidence photographs taken by his lawyer five days after the accident which purportedly show the head injuries he sustained in the accident. The appellant claims that the photographs were relevant to the issue of whether he was capable of making a knowing and conscious refusal to submit to the tests.

Whether photographs shall be admitted into evidence is committed to the discretion of the trial judge. *Fahringer v. Rinehimer*, 283 Pa. Superior Ct. 93, 423 A.2d 731 (1980). At the hearing the police officer testified that the appellant had a large cut on his head after the accident and that he transported the appellant to the hospital where several stitches were required to close the wound. The appellant also testified to the injuries he sustained in the accident and that eight stitches were placed in the cut on his head. Since evidence of the appellant's head injury was before the court in the form of oral testimony, there was no need to duplicate such evidence by photographs. The ruling of the trial court was well within its prerogative "to reject a picture on the ground that the evidence is cumulative or that the photograph is unnecessary." *Commonwealth v. Stoltzfus*, 462 Pa. 43, 66, 337 A.2d 873, 884 (1975) citing *Adamczuk v. Holloway*, 338 Pa. 263, 266, 13 A.2d 2, 4 (1940).

Order affirmed.

## ORDER

AND Now, this 2nd day of February, 1984, the order of the Montgomery County Court of Common Pleas dated February 5, 1982 is affirmed.