## Commonwealth v. Hendrickson

*Jeffrey Giltenboth, deputy attorney general,* for the Commonwealth.

*Robert J. Masters,* for defendant.

MANNIX, *J.*, July 7, 1986 — This matter comes before the court on appeal by defendant, Art Hendrickson, Jr., from an order of the Secretary of Transportation suspending defendant's driving privileges for a period of one year pursuant to section 1547 of the Pennsylvania Motor Vehicle Code. Said section allows for chemical testing of breath, blood or urine where a police officer has reasonable grounds to believe an individual to have been driving while under the influence of alcohol or a controlled substance, or both and places said individual under arrest for so driving; it further provides for a one-year suspension of operating privileges where the individual placed under arrest for a violation of section 3731 of the Vehicle Code (i.e., driving under the influence) is requested to submit to chemical testing and refuses to do so.

The pertinent facts of this case are as follows. In the early morning hours of January 28, 1986, Officer R. Scott Miller of the Beaver Falls Police Department was called to the scene of an accident at the intersection of College Avenue and 36th Street. Upon arriving at the scene, he observed a red Dodge van that had sustained front-end damage in the middle of the road. Defendant was seated in the driver's seat of the van, and there were no other occupants. Officer Miller observed defendant bleeding from the nose and smelled a strong odor of alcohol about defendant's person. After putting defendant through a field sobriety test, Officer Miller placed him under arrest and transported him to the Beaver Falls Police Station. Once there, Officer Miller proceeded to explain to defendant the procedures for breathalyzer testing and the penalties for refusal. Defendant *agreed* to submit to the testing and Officer Miller administered the first of the two required breath tests.

The results of the first test were apparently satisfactory, although defendant was blowing blood from a nose injury sustained in the accident into the breathalyzer apparatus. However, when it came time to take the second test, defendant attempted, but was not able to complete it; he could only blow in a small amount of air and would then suck air out since blood from his nose injury had invaded his mouth and throat and thus impaired his ability to breathe. Officer Miller treated this as a "refusal."

The following day, defendant saw his personal physician who referred him to an ear, nose and throat specialist; defendant was subsequently operated on by said specialist, Dr. David M. Rafalko, for injuries sustained to his nose and nasal passages in the January 28, 1986 accident.

The issue now before this court is whether defendant's inability to complete the second breath test constituted a "refusal" such that a one-year suspension pursuant to section 1547 of the Vehicle Code is appropriate. While section 1547 provides the law regarding chemical testing — when it should be a consideration, what penalty is appropriate in the face of a refusal, what sorts of presumptions arise from test results — it is necessary to look to administrative regulations of the Department of Transportation for the specific procedures involved in *administering* the chemical tests. 67 Pa. Code §77.24 effective February 23, 1985, describes the procedures related to breath tests. Along with other requirements (which are not relevant to the case at bar), said section provides as follows:

"The procedures for alcohol breath testing shall include, at a minimum: (1) *Two consecutive active breath tests* without a required waiting period between the two tests. (Emphasis added.) In McFarren v. Commonwealth, _____ Pa. Commw.

____, 507 A.2d 879 (1986), Judge Craig of the Commonwealth Court upheld the requirement of a second breath test, even in the face of a valid first test, on the basis of section 1547(a) which provides:

"Any person who drives, operates, or is in actual physical control of the movement of a motor vehicle . . . shall be deemed to have given consent to *one or more chemical tests* of breath, blood or urine for the purpose of determining the alcoholic content of blood. . . ." (Emphasis added.) Defendant, therefore, cannot be excused for his inability to complete the second breath test simply because the results of his first test were satisfactory.

As to whether defendant's inability to take the second breath test constituted a "refusal," under section 1547 of the Vehicle Code, such is a factual determination for this court to make. Commonwealth v. Pedick, 44 Pa. Commw. 44, 403 A.2d 181 (1979); McMahon v. Commonwealth, 39 Pa. Commw. 260, 395 A.2d 318 (1978). It is well established in this Commonwealth that anything substantially less than an unqualified, unequivocal assent to take a breathalyzer test constitutes a refusal. Hando v. Commonwealth, 84 Pa. Commw. 63, 478 A.2d 932 (1983); Smith v. Commonwealth, 80 Pa. Commw. 117, 470 A.2d 1125 (1984); Commonwealth v. Mumma, 79 Pa. Commw. 108, 468 A.2d 891 (1983); Commonwealth v. Wroblewski, 65 Pa. Commw. 333, 442 A.2d 407 (1982). The issue, then, becomes whether defendant's actions amounted to something "substantially less" than an unqualified, unequivocal assent to take the second breath test.

We find that defendant did not refuse the test, but, in fact, assented to it and even attempted it; however, because of his nose injury, he simply could not complete it. This is confirmed by Dr.

Rafalko's deposition testimony wherein he stated that bleeding may be delayed somewhat following severe nasal trauma, but, once occurring, it could impair a person's ability to breathe through his/her mouth. A case remarkably similar to the one herein is Commonwealth v. Madonna, 28 D. & C. 3d 664 (1984); that court also decided that defendant's inability to supply enough breath into the machine, due to his injuries, was not a "refusal" such that a one-year suspension of defendant's driving privileges under section 1547 of the Vehicle Code was appropriate.

For the foregoing reasons, the following order is entered.

## ORDER

And now, this July 7, 1986, the appeal of Art Hendrickson Jr., from the Commonwealth's one-year suspension of his driving privileges under section 1547(b) of the Vehicle Code is hereby sustained; said suspension is revoked; and, appellant's driving privileges are hereby reinstated.