543 A.2d 229

Susan Tushak, Appellant *v.* Borough of California, Appellee.

Argued March 21, 1988, before Judges BARRY and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Jack H. France,* for appellant.

*D. Keith Melenyzer,* for appellee.

OPINION BY JUDGE BARRY, June 22, 1988:

Susan Tushak (appellant) appeals an order of the Court of Common Pleas of Washington County which sustained the preliminary objections of the Borough of California (Borough) and dismissed the appellant's petition for an appointment of a Board of View. We affirm.

The appellant owns property located at 1005 Meadow Street in California. On this property is situated a driveway leading to a detached garage. At the juncture of the road and driveway is a drainage ditch. The appellant filed a petition, pursuant to Section 502(e) of the Eminent Domain Code (Code),[1] alleging that the Borough had enlarged and altered this drainage ditch which caused a de facto taking of her property. The appellant made service on the Borough on September 29, 1986. Exactly 100 days later, the Borough filed preliminary objections. The appellant moved to have these pre-

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-504.

liminary objections dismissed as untimely. The trial court denied this motion. After an evidentiary hearing the trial court sustained the preliminary objections and dismissed the petition for an appointment of a Board of View. The trial court based its decision on the following factual findings: ·

1) The Plaintiff, property owner, acquired the subject premises in 1957, and the garage and drainage ditch in question have been in place since that time.

2) The only activities by the Borough have been periodic maintenance and cleaning of the ditch by hand, using shovels.

3) The Plaintiff alleged that such activity by the Borough in December of 1985, so widened and altered the contour of the ditch as to prevent her access to a garage on her premises.

4) The Court finds that the activities of the Defendant/Borough did not substantially alter or change the depth or contour of the ditch as a result of that particular maintenance or other maintenance performed by it.

5) The ditch is located in the right-of-way for the road owned by the Borough.

6) The Plaintiff has not used the garage in question to store vehicles for a period of at least 10 to 15 years.

7) While the appearance of the ditch and garage would indicate some difficulty would be had entering and exiting the same by vehicle, it would appear that this has been a long-standing situation that could be easily corrected by the placement of a pipe at the point of ingress and egress.

The appellant argues two issues: whether a Board of View should have been appointed and whether the pre-

liminary objections should have been stricken as untimely.

Our standard of review where the trial court has sustained preliminary objections for the appointment of a Board of View is limited to determining whether findings are supported by competent evidence or an error of law has been committed. *Merrick Appeal,* 68 Pa. Commonwealth Ct. 506, 449 A.2d 820 (1982).

Section 504 of the Code states:

> Any objection to the appointment of viewers not .theretofore waived may be raised by preliminary objections filed within twenty days after receipt of notice of the appointment of viewers. Objections to the form of the petition or the appointment or the qualification of the viewers are waived unless included in preliminary objections.

The appellant argues that Section 504 of the Code precludes the court from considering the Borough's preliminary objections. The Board of View, however, contrary to the requirements of Section 504 of the Code, never notified the Borough of its appointment. The appellant contends that her service of the notice of appointment on the Borough is sufficient. We have held that the Board of View must provide notice to all condemnors and condemnees before the Section 504 time requirements affect a parties' preliminary objections. *City of Pittsburgh v. Haffner,* 80 Pa. Commonwealth Ct. 53, 471 A.2d 116 (1984). Since the Board of View never gave notice to the Borough, we believe that the preliminary objections were timely.

The appellant also contends that the trial court should not have granted the Borough's preliminary objections and argues that the Borough did indeed de facto take her property. We disagree.

> A taking occurs when the entity clothed with the power of eminent domain substantially deprives

an owner of the beneficial use and enjoyment of his property.

*Conroy-Prugh Glass Co. v. Commonwealth,* 456 Pa. 384, 388, 321 A.2d 598, 599 (1974). The Borough, as indicated in the trial court's factual findings, did not, by simply cleaning debris from the ditch substantially infringe upon the beneficial use of the appellant's property so as to constitute a compensable taking under the power of eminent domain. *Id.* Therefore, the trial court did not err in sustaining the Borough's preliminary objections and dismissing the appellant's petition.

## ORDER

Now, June 22, 1988, the order of the Court of Common Pleas of Washington County, entered March 16, 1987, is hereby affirmed.