548 A.2d 1284

David Caldwell and Marilyn Caldwell, his wife, Appellants *v.* Commonwealth of Pennsylvania et al., Appellees.

*Michael E. Dunlavey,* for appellants.

*John H. Bingler, Jr.,* with him, *Deborah P. Powell, Thorp, Reed & Armstrong,* and *John P. Marti, Harper & Marti,* for appellee, Bell Telephone Company of Pennsylvania.

*Brian H. Baxter,* Senior Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, *John G. Knorr, III,* Senior Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellee, Commonwealth of Pennsylvania.

OPINION BY JUDGE SMITH, August 4, 1988:

David and Marilyn Caldwell (Appellants), husband and wife, appeal from an order of the Court of Common Pleas of Warren County which granted summary judgment in favor of Bell Telephone Company of Pennsylvania (Bell). The question presented is whether the trial court erred in granting summary judgment on the ground that it was not reasonably foreseeable by Bell that placement of its telephone pole within proximity of a highway berm would result in injuries to Mr. Caldwell. The trial court's decision is affirmed.

Appellants filed their action against Bell and the Commonwealth of Pennsylvania, Department of Transportation (DOT) seeking monetary damages for injuries suffered by Mr. Caldwell in an automobile accident on February 20, 1983. Bell thereafter joined Thomas Miller as additional defendant.

It is undisputed that Caldwell was a passenger in a vehicle operated by Miller which strayed from the paved portion of Route 957, a two-lane highway in Lottsville, Warren County; entered an earthen drainage ditch which ran parallel to the highway after steering to the right to avoid a deer; struck and jumped a drainage culvert; crossed a driveway; and then sideswiped a Bell telephone pole, located 8 feet from the paved portion of the highway and 5.3 feet from the berm, before coming to rest in a field. Bell filed a motion for summary judgment which the trial court granted. Appellants then petitioned this Court for review[1] arguing that the issue of

---

[1] This Court, in reviewing a trial court order granting summary judgment, is limited to determining whether the trial court

foreseeability was a matter for the jury and that the trial court confused the issues of foreseeability and proximate cause.

Bell's authority to erect telephone poles derives from Section 33 of the Corporation Act of 1874 (Act), Act of April 29, 1874, P.L. 73, 15 P.S. §3302 which authorizes, *inter alia,* the construction of lines of telegraph and telephone and the necessary fixtures, including posts, along, under and upon public roads, streets, lanes or highways. The construction thereof, however, shall not incommode public use of roads, streets, lanes or highways. The question thus becomes whether the place chosen to locate the telephone pole is so dangerous and the danger so needless that the choice becomes unreasonable. *Nelson v. Duquesne Light Company,* 338 Pa. 37, 12 A.2d 299 (1940). Moreover, Bell could be properly liable only as to those injuries sustained by Caldwell which resulted from a risk or hazard, the foreseeability of which rendered Bell's conduct negligent. *Metts v. Griglak,* 438 Pa. 392, 264 A.2d 684 (1970).

Elements necessary to state a cause of action in negligence are a duty on the defendant's part to conform to a certain standard of conduct relative to the plaintiff; defendant's failure to so conform; and a reasonably close causal connection between the defendant's conduct and some resulting injury to the plaintiff. *Cummins v. Firestone Tire & Rubber Co.,* 344 Pa. Superior Ct. 9, 495 A.2d 963 (1985). Bell clearly has a duty under Section 33 of the Act not to unreasonably interfere with the public's use of highways. The trial court, however, found that Bell's placement of its telephone pole conformed to

---

committed an error of law or abused its discretion. *Kuehner v. Parsons,* 107 Pa. Commonwealth Ct. 61, 527 A.2d 627 (1987), *appeal denied, Kuehner v. Lower Towamensing Township,* 517 Pa. 626, 538 A.2d 879 (1988).

the duty owed and that the causal connection between the pole's placement and Caldwell's injuries was too remote to attach liability to Bell.

Although questions of negligence and causation are generally for the jury, the question of the sufficiency of the evidence prior to presenting an issue to the jury is clearly within the trial judge's discretion. Where insufficient evidence exists to justify an inference of negligence and causation, the trial court may properly grant judgment in favor of the party against whom liability is sought. *Farnese v. Southeastern Pennsylvania Transportation Authority*, 338 Pa. Superior Ct. 130, 487 A.2d 887 (1985).

Bell's conduct could have been found not to have legally caused Caldwell's injuries if it appeared highly extraordinary to the trial court that the conduct should have brought about the harm. *See Brown v. Tinneny*, 280 Pa. Superior Ct. 512, 421 A.2d 839 (1980). The trial judge determined that the series of events responsible for Caldwell's injuries was not reasonably foreseeable and that the proximate cause of Caldwell's injuries was not the proximity of the telephone pole to the highway, but rather the ditch which directed Miller's vehicle into the pole. Proximate causation is applied by courts to limit liability where the causal chain resulting in a plaintiff's injuries is too remote. *See Mazzagatti v. Everingham*, 512 Pa. 266, 516 A.2d 672 (1986).

Summary judgment may be entered only when a case is free from doubt; the movant shows that no issue of material fact exists; and viewing the record in the light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. *Farber v. Engle*, 106 Pa. Commonwealth Ct. 173, 525 A.2d 864 (1987). The trial court properly concluded that no genuine issue of fact exists and that Bell was entitled to judgment as a matter of law. The extraordinariness of

the series of events was sufficient to constitute a risk unforeseeable to Bell and thus relieve Bell from liability.[2] Although Appellants allege other accidents at the site in question, the record fails to support their contention. Bell's duty not to incommode or unreasonably interfere with public use of highways and roads does not extend to vehicles which, under the circumstances here, completely leave the highway out of control due to extraordinary occurrences which are unforeseeable by Bell.[3] Accordingly, no error having been committed, the decision of the trial court is affirmed.[4]

## ORDER

AND NOW, this 4th day of August, 1988, the decision of the Court of Common Pleas of Warren County dated April 20, 1987 granting summary judgment in favor of Bell Telephone Company of Pennsylvania is affirmed.

---

[2] *Contrast Nelson* where an electric light pole was located either on a highway, or in very close proximity thereto, which had a substantial curve such that if an automobile continued in a straight line it would inevitably crash into the pole. In order to avoid the pole, the driver would have to veer to the right and pass between the pole on the driver's left and a service station on the right. Moreover, there was evidence of other accidents at this site. *Contrast also Noon v. Knavel,* 234 Pa. Superior Ct. 198, 339 A.2d 545 (1975) where the court addressed the high degree of care owed to business invitees and not the scope of a utility company's duty to travellers on the public highways. Suit was filed against Bell for injuries sustained by plaintiff when an automobile struck a telephone booth in which plaintiff was making a telephone call. *See also Scheel v. Trembley,* 226 Pa. Superior Ct. 45, 312 A.2d 45 (1973).

[3] *See Oram v. New Jersey Bell Telephone Company,* 132 N.J. Superior Ct. 491, 334 A.2d 343 (1975).

[4] The trial court did not confuse the issues of foreseeability and proximate cause contrary to Appellants' assertions otherwise. The trial court found that Bell's placement of its pole conformed to the duty owed Caldwell and that the causal connection between the pole's placement and Caldwell's injuries was too remote to charge Bell with liability.