554 A.2d 574

Estate of R. Eric Hannis, Deceased, by Marianne A. Hannis, Administratrix, Appellant v. Ashland State General Hospital, Commonwealth of Pennsylvania, Robert M. Erdman, M.D., Robert M. Erdman Associates, Inc., and John J. Mika, M.D., Appellees.

Argued December 12, 1988 before Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*John F.X. Fenerty, Baratta & Fenerty, Ltd.,* for appellant.

*Joseph A. Lach, Hourigan, Kluger, Spohrer & Quinn, P.C.,* for appellee, John J. Mika, M.D.

*Stephen E. Geduldig,* Deputy Attorney General, with him, *Mark E. Garber,* Chief Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellee, Commonwealth of Pennsylvania, Ashland State General Hospital.

*Allan C. Molotsky,* with him, *Barbara S. Magen, Post & Schell, P.C.,* for appellee, Robert M. Erdman Assoc., Inc.

OPINION BY SENIOR JUDGE KALISH, February 8, 1989:

The estate of R. Eric Hannis, represented by administratrix Marianne A. Hannis (appellant), appeals an order of the Court of Common Pleas of Schuylkill County, which denied appellant's motion for post-trial relief, and ordered that judgment be entered in favor of Ashland State General Hospital, the Commonwealth of Pennsylvania, Robert M. Erdman, M.D., Robert M. Erdman Associates, Inc., and John J. Mika, M.D. (appellees). We affirm.

Hannis, a twenty-six year old man, injured his knee at a wedding on a Saturday, and was treated by his family physician, Dr. Mika, on the following Monday. Hannis was referred by Dr. Mika to Dr. Erdman, an orthopae-

dist, and was treated by Dr. Erdman on the following day, Tuesday. On the following Friday, six days after the injury, Hannis suffered a pulmonary embolism and died.

A complaint was filed by appellant on behalf of the estate of Hannis against the appellees, alleging medical malpractice for failure to diagnose deep vein thrombosis. The complaint alleged that the fatal blood clot developed in the injured leg as a result of the knee injury, and that the surrounding circumstances indicated the presence of deep vein thrombosis which both physicians failed to diagnose.

At the conclusion of trial, the jury found in favor of the appellees. Appellant's motion for post-trial relief was denied by the trial court, and appellant now appeals to this court.[1]

When the trial court denies motions for a new trial, we will not reverse the trial court's decision absent an error controlling the outcome of the case or an abuse of discretion where the ruling turns on the weight of the evidence. *Department of Transportation v. Consolidated Rail Corporation*, 102 Pa. Commonwealth Ct. 611, 519 A.2d 1058 (1986).

Appellant initially contends that the trial court improperly precluded appellant's expert, Dr. Newhall, from providing his opinion on the emergency room treatment records from Friday, the day Hannis died. Dr. Newhall's testimony was offered to establish that Hannis

---

[1] On appeal, appellant raises sixteen allegations of error for our review. As recognized by Judge ALDISERT of the United States Court of Appeals, Third Circuit:

> (when) an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to *any* of them. I do not say it is an irrebuttable presumption, but it is a presumption that reduces the effectiveness of appellate advocacy.

*United States v. Hart*, 693 F.2d 286, 287 (3d Cir. 1982).

was conscious and suffering, thereby establishing a basis for pain and suffering damages.

The trial court excluded Dr. Newhall's testimony on this issue, reasoning that the testimony exceeded the original offer of proof of Dr. Newhall's testimony. Moreover, testimony was beyond the scope of Dr. Newhall's pre-trial report, which addressed only issues of liability. Direct testimony of an expert at trial may not exceed the scope of testimony in discovery proceedings. Pa. R.C.P. No. 4003.5. Because Dr. Newhall's testimony would only have been relevant as to damages, and the pre-trial report was limited to liability issues, we affirm the decision of the trial court excluding the testimony.

Appellant next claims that the trial court improperly refused to admit into evidence certain slides. Whether photographs shall be admitted into evidence is within the discretion of the trial court. *Smith v. Commonwealth*, 80 Pa. Commonwealth Ct. 117, 470 A.2d 1125 (1984).

The trial court admitted into evidence slides of Hannis' lung tissue with the fatal emboli, but refused to admit slides of the fatal emboli disassociated from the lung tissue, reasoning that they were duplicative of the slides already admitted.

It was undisputed that Hannis died as a result of the pulmonary emboli. The question before the jury was whether the emboli had been present at the time Hannis was examined by either physician. The additional slides depicting the emboli disassociated from the lung tissue were irrelevant as the cause of death was undisputed. Evidence is only relevant if it tends to establish facts in issue. *Murphy v. Department of Public Welfare*, 85 Pa. Commonwealth Ct. 23, 480 A.2d 382 (1984). At best, the slides would serve as cumulative evidence only. A trial court may exclude pictures on the basis that the evidence is cumulative. *Smith*, 80 Pa. Commonwealth Ct. 117, 470 A.2d 1125 (1984).

Appellant further claims it was error for the trial court to permit the testimony of Dr. Friedman, the expert witness for the appellees. Appellant was notified one week prior to trial that appellees' original expert witness had become unavailable. Dr. Friedman was obtained as a substitute for the original expert, and appellant was supplied with a new expert report on the day the jury was selected. Appellant claims error inasmuch as Dr. Friedman was a surprise witness, not identified or produced as a defense witness until trial.

Our review of the record discloses that appellant objected only to the scope of Dr. Friedman's testimony, and conceded that there was no problem with Dr. Friedman's testimony as long as he did not testify beyond the scope of the original expert's report. Notes of Testimony (N.T.), September 30, 1986, at 784. All of the parties agreed that Dr. Friedman would not be permitted to testify as to the actions of Dr. Mika, family practice medicine, or pathology. N.T. at 786.

We find no error on the part of the trial court for permitting Dr. Friedman to testify. Appellant makes no allegations concerning the scope of Dr. Friedman's testimony, and merely questions whether Dr. Friedman should have been permitted to testify at all. This objection was not preserved at trial. Instead, appellant agreed to permit Dr. Friedman's testimony within certain limitations. Unless properly preserved before the trial court, an objection is deemed waived on appeal. *McSwain v. Commonwealth*, 103 Pa. Commonwealth Ct. 326, 520 A.2d 527 (1987), citing Pa. R.A.P. 302(a).

Appellant next alleges that the trial court erroneously refused to permit the testimony of Gwendolyn Stewart, Ph.D. According to the appellant, Dr. Stewart would have explained that a clinical diagnosis of deep vein thrombosis is nonspecific and of no value, therefore objective testing is required.

A trial court has broad discretion with respect to expert testimony. *Laukemann v. Commonwealth, Pennsylvania Liquor Control Board,* 82 Pa. Commonwealth Ct. 502, 475 A.2d 955 (1984). The trial court excluded Dr. Stewart's testimony because it was irrelevant to the issue of the standard of care required of a physician under the circumstances.

Appellant conceded that Dr. Stewart was not offered to testify as to a deviation from the standard of practice, but to testify as to the skill and knowledge required to diagnose the condition. Appellant's witness, Dr. Newhall, adequately testified concerning the medical malpractice issues. Even if we were able to determine that Dr. Stewart's testimony was relevant, it would have been cumulative, and was therefore properly refused.[2]

Dr. Bindie, the Schuylkill County coroner who conducted the autopsy of Hannis, testified on direct examination as to the age of the fatal emboli, attempting to pin down whether they were present at the time Hannis was examined for his knee injury. In his opinion, the emboli present in the lung tissue predated the death of Hannis by at least four days. N.T., September 24, 1986, at 12.

The appellees then presented the testimony of Dr. Shane, who concluded that the emboli could not be more than twenty-four to forty-eight hours old. The trial court refused to permit the rebuttal testimony of Dr. Bindie, and appellant contends the trial court abused its discretion by refusing Dr. Bindie the opportunity to testify on rebuttal.

---

[2] Appellant's reliance on *Dambacher v. Mallis,* 336 Pa. Superior Ct. 22, 485 A.2d 408 (1984), is misplaced. *Dambacher* sets forth a test for qualifying the witness as an expert. In the present case, it is uncontested that Dr. Stewart is an expert within her field. The issue is whether her expertise had any bearing on the issues of medical malpractice.

The admission of rebuttal evidence is within the discretion of the trial judge. *Mishkin v. Lancaster Redevelopment Authority*, 6 Pa. Commonwealth Ct. 97, 293 A.2d 135 (1972). The trial judge may properly exclude rebuttal if the testimony could have been presented during the offering party's case in chief. *Pittsburgh-Des Moines Steel Co., Inc. v. McLaughlin*, 77 Pa. Commonwealth Ct. 565, 466 A.2d 1092 (1983).

Appellant's argument lacks merit, mischaracterizing Dr. Bindie's rebuttal as impeachment testimony which would discredit Dr. Shane. On rebuttal, Dr. Bindie would have offered testimony contradictory to that of Dr. Shane, disagreeing as to the methods and reasoning used for dating the emboli, as well as Dr. Shane's conclusions. The trial court correctly ruled that Dr. Bindie's rebuttal testimony was merely cumulative of his testimony presented in appellant's case in chief, and would not serve to impeach Dr. Shane.

Appellant argues that the trial court erroneously granted a nonsuit in favor of Ashland State General Hospital. Judgment of nonsuit is appropriate only in clear cases, and the appellant must be afforded the benefit of every fact and reasonable inference arising from the evidence. *Estate of Dankulich v. Tarantino*, 110 Pa. Commonwealth Ct. 559, 532 A.2d 1243 (1987).

In order to find liability on the part of the hospital, it was necessary to find that the physicians were agents of the hospital, and liable for the injuries claimed. *Capan v. Divine Providence Hospital*, 287 Pa. Superior Ct. 364, 430 A.2d 647 (1980). This court is unable to determine how the grant of a nonsuit prejudiced appellant. Because no liability was found on the part of the physicians, no liability could have been found on the part of the hospital even if the nonsuit had been denied.

Appellant next claims that the family practitioner, Dr. Miko, had a duty to follow the care of Hannis after Dr. Miko had referred Hannis to Dr. Erdman. Because the trial court refused to charge the jury on such a duty of care, appellant claims error. There is no precedent in Pennsylvania which requires a family practitioner to follow a patient after referring the patient to a specialist. Appellant cites no authority to support the position, nor can we say any such authority exists. Without some basis for charging the jury on this theory of liability, this court is unable to find error.

The trial court also refused to instruct the jury that a contractual obligation existed with the physicians, giving rise to recovery on a theory of implied warranty. A trial judge has wide latitude in charging the jury and may use any particular language which adequately and fully conveys the applicable law. *Seewagen v. Vanderkluet*, 338 Pa. Superior Ct. 534, 488 A.2d 21 (1985). Even if this court concluded that an implied warranty action existed, a review of the jury charge reveals that the jury was adequately charged regarding the issues and applicable law. There was no error on the part of the trial court in omitting specific language concerning contracts.

Appellant contends that the trial court erred by sustaining preliminary objections to appellant's strict liability theory. Our standard of review where the trial court has sustained preliminary objections is limited to determining whether findings are supported by competent evidence or an error of law has been committed. *Tushak v. Borough of California*, 117 Pa. Commonwealth Ct. 203, 543 A.2d 229 (1988).

Appellant argues that the distinction between the sale of products and services for purposes of strict liability is merely technical. The courts of Pennsylvania have never extended strict liability to the services provided by a

physician, and we are not willing to do so in this case. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970). As such, we are unable to find error on the part of the trial court.

Appellant next alleges that it was error for the trial court to refuse a challenge for cause of a juror whose child was a patient of Dr. Mika. This court recognizes that the scope of voir dire examination rests in the discretion of the trial judge, and the judge's decisions, including challenges for cause, will not be reversed in the absence of palpable error. *Price v. Yellow Cab Company of Philadelphia*, 443 Pa. 56, 278 A.2d 161 (1971).

Although the juror's child was to receive continuous treatment in the future from Dr. Mika, the juror stated that she had no reservations about deciding the issues concerning Dr. Mika. Accordingly, the trial court did not abuse its discretion by refusing a challenge for cause.

Similarly, appellant claims it was error to dismiss one of the jurors after the first several hours of trial. The juror communicated to the court that the case was particularly upsetting to him in that he had also suffered a knee injury, and had not realized such an injury could be fatal. Although he stated that he did not think it would affect his decisions, he claimed to have been shaken. N.T., September 23, 1986, at 94. The juror subsequently informed the court that he did not know whether he would have difficulty later in the trial separating his personal experiences from the case at hand. Under these circumstances, it was proper for the court to exercise its discretion and dismiss the juror.

Appellant further maintains that it was error for the trial court to dismiss the first panel of jurors after the voir dire had been completed. Appellees objected that appellant had exceeded the bounds of permissible voir dire through the use of questions which improperly focused

the attention of the jurors on the issue of insurance coverage. Evidence of insurance coverage is irrelevant and prejudicial, warranting grant of a mistrial. *Paxton National Insurance Company v. Brickajlik*, 513 Pa. 627, 522 A.2d 531 (1987). Evidence in personal injury action which informs the jury that a defendant is insured against liability is inadmissible. *Price*, 443 Pa. 56, 278 A.2d 161 (1971). The trial court correctly concluded that in the interest of a fair trial for all parties, a new panel was necessary.

On Tuesday morning following his injury, Hannis was driven by his brother to the hospital in order to consult with Dr. Erdman, the orthopaedic specialist. The trial court refused to admit the comments made by Hannis to his brother concerning the condition of the injured leg, reasoning that the statements were hearsay and did not fall within the excited utterance exception. In order to fall within this hearsay exception, the statement must be a spontaneous declaration, related to an unexpected or exciting event. *Allen v. Mack*, 345 Pa. 407, 28 A.2d 783 (1942); *Williamson v. Philadelphia Transportation Company*, 244 Pa. Superior Ct. 492, 368 A.2d 1292 (1976). The statements made by Hannis were not made spontaneously in reaction to his injury which occurred three days earlier, or any other exciting or unexpected event. The statements were properly excluded as hearsay.

Accordingly, we affirm the order of the Court of Common Pleas of Schuylkill County.

ORDER

NOW, February 8, 1989, the order of the Court of Common Pleas of Schuylkill County, S-593-1985, is affirmed.

Judge McGINLEY concurs in the result only.