## Murphree v. Barakat

*Joseph F. Walsh,* for plaintiff.
*Thomas B. Helbig,* for defendant.

MUNLEY, *J.,* February 28, 1990 — We have for consideration and disposition defendants', Adel R. Barakat, M.D. and Cesare, Barakat and Metzger, P.C, motion for summary judgment in this medical malpractice action.

The present action was instituted as a result of the medical care and treatment provided to plaintiff, Ellen Murphree, by defendants from February 1986 through September 1986 and specifically, an arthroscopic knee procedure performed at Moses Taylor Hospital in May 1986. Plaintiff maintains that the defendant was treating her for a knee injury she incurred in January 1986, which defendants diagnosed as "pulled muscles" and prescribed physical

therapy. Plaintiff contends that the defendant's diagnosis was incorrect and the prescribed treatment did not improve her condition but further complicated her injury.

During the course of discovery, counsel for defendant served on plaintiff expert witness interrogatories which requested, inter alia, the identities and reports of all expert witnesses on behalf of plaintiff. See Pa.R.C.P. 4003.5. No expert witnesses were identified, nor expert reports provided to defendant. As a consequence, Judge O'Malley entered an order, dated October 10, 1989, requiring that "plaintiff shall provide to defendant's counsel within 60 days the identity and reports of all expert witnesses or shall be precluded from presenting any expert witness testimony at the time of trial." See order no. 88 Civil 4193. As a practical matter, litigants in most instances encounter little difficulty in obtaining expert witnesses. Counsel did not comply with the order and offered no extenuating circumstances for failure to comply with said order. Thus, this sanction was appropriate and plaintiff is now precluded from offering any expert witness testimony at the time of trial. *McSloy v. Jeanes Hospital*, 376 Pa. Super. 595, 546 A.2d 684 (1988).

Defendant posits that plaintiff must present expert testimony to meet the burden of proving that defendant's alleged committed negligence was the cause of her condition worsening. Defendants argue that expert testimony is required to establish the standard of reasonable medical care. *Lira v. Albert Einstein Medical Center*, 384 Pa. Super. 503, 559 A.2d 550 (1989). It is defendant's contention that plaintiff's deposition and/or subsequent testimony at trial alone fails to support plaintiff's claim of medical negligence. Therefore, plaintiff's lack of

expert testimony to sufficiently establish negligence and causation results in no genuine issue of material fact.

In opposition to this motion, plaintiff argues that her deposition and subsequent testimony at trial establishes that plaintiff's condition was further aggravated by defendant's negligence and when these statements are considered in a light most favorable to plaintiff, it must be considered that there are existent issues of material fact. It is her contention that "she does not need anyone else to testify to know that it should not have happened."

According to Pa.R.C.P. 1035(b), a motion for summary judgment may properly be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The well settled purpose of the summary judgment procedure is to dispense with an unnecessary trial where no genuine issue of triable material fact exists. *Esbrandt v. Provident Life and Accident Insurance Company,* 559 F.Supp. 23 (E.D. Pa. 1983). Based on the record before us, we must determine whether there are any issues of material fact regarding the liability of the defendants. The parties seeking to avoid the entry of summary judgment may not rest upon the averments contained in their pleadings. They are required to show by deposition, answer to interrogatories, admissions or affidavits, that there is a genuine issue for trial. *Washington Federal Savings and Loan v. Stein,* 357 Pa. Super. 286, 515 A.2d 980 (1986). An entry of summary judgment may be granted only in cases where the right is free and clear from doubt. *Consumer Party of Pennsylvania v. Commonwealth of Pennsylvania,* 510 Pa. 158,

507 A.2d 326 (1986). But, it is also clear that in resisting a motion for summary judgment, a party cannot successfully rely upon mere assertions, conclusory allegations or suspicions. See Pa.R.C.P. 1035(b).

Negligence law in general presupposes some uniform standard of behavior by which a defendant's conduct is to be evaluated. W. Prosser and P. Keeton, Law of Torts 173 (5th ed. 1984). The fundamental rule of law in negligence cases is that plaintiff must prove by a preponderance of the evidence that defendants were negligent and that their negligence was the proximate cause of plaintiff's injury. *Harvilla v. Delcamp,* 521 Pa. 21, 555 A.2d 763 (1989). In medical malpractice litigation, negligence has been defined as "conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm." Restatement (Second) of Torts §282 (1965). As members of a learned profession, physicians have been expected to possess and exercise skill and knowledge in the practice of their professions beyond that of ordinary individuals. As to matters involving professional skills and knowledge, the conduct of such defendants has been largely evaluated in terms of professional standards determined by the profession. *Lira, supra.*

The burden of proof in a malpractice action is upon plaintiff to prove either (1) that the physician or surgeon did not possess and employ the required skill and knowledge or (2) that he did not exercise the care and judgment of a reasonable man in like circumstances; *and* that the injury complained of either (1) resulted from the failure on the part of the physician or surgeon to possess and employ the required amount of skill and knowledge or (2) resulted from his failure to exercise care and judg-

ment of a reasonable man in like circumstances. *Donaldson v. Maffucci,* 397 Pa. 548, 156 A.2d 835 (1959); *Incollingo v. Ewing,* 444 Pa. 263, 282 A.2d 206 (1971); *Gray v. Grunnagle,* 423 Pa. 144, 223 A.2d 663 (1966). In the landmark case *Robinson v. Wirts,* 387 Pa. 291, 127 A.2d 706 (1956), Chief Justice Stern stated:

"[N]o presumption or inference of negligence arises merely because the medical care or surgical operation terminated in an unfortunate result which might have occurred even through proper care and skill had been exercised and where the common knowledge or experience of laymen is not sufficient to warrant their passing of judgment. In such cases, the doctrine of res ipsa loquitur or exclusive control may not be invoked and expert testimony in support of plaintiff's claim is an indispensable requisite to establish a right of action."

The requirement of expert testimony is based on the fact that laymen are normally not capable of evaluating the quality of care exercised by professional medical physicians without expert guidance. Thus, except in situations in which the alleged negligence is comprehensible to laymen, the existence of negligent malpractice usually must be proven by expert testimony. *Senesac v. Association in Ob-Gyn,* 141 Vt. 310, 449 A.2d 900 (1982). The "common knowledge" doctrine is the most important exception to the expert witness requirement to evaluate the defendant's conduct and arrive at the appropriate standard of care. *Brennan v. Lankenau Hospital,* 490 Pa. 588, 417 A.2d 196 (1980). See generally, Restatement (Second) of Torts §323 B(d). The matter under investigation must be so simple, and the lack of skill or want of care so obvious, as to be within the range of the ordinary experience and

comprehension of even non-professional persons. *Jones v. Harrisburg Polyclinic Hospital,* 496 Pa. 45, 437 A.2d 1134 (1981).

Generally speaking, physicians are criticized and involved in litigation more often in situations where they immediately prescribe surgery for an injury. Conversely, in the instant case, defendant's election to initially prescribe non-invasive diagnostic tests and conservative therapy before performing arthroscopic surgery on plaintiff has brought them to court today. It is well-established that a physician does not incur liability merely by electing to pursue one of several recognized courses of treatment. *Downer v. Veilleux,* 322 A.2d 82 (Me. 1974). The decision to use one method of treatment, where there is reasonable doubt as to the proper course, is not in and of itself a breach of duty. "The test for malpractice is to show the professional conduct of defendants fell below the standards of reasonable medical practice." *Lira, supra.* The question presented to this court today is whether plaintiff can prove her case with a reasonable degree of certainty. This is not a case where there is no doubt of alleged negligence. Rather, this is a case where the jury may need the guidance of an expert to determine if negligence exists. Specifically, to determine just what is the optimal time to perform arthroscopic surgery subsequent to a knee injury. Did defendant's choice of conservative treatment further complicate plaintiff's injury?

We acknowledge that expert testimony should no longer be a per se requirement in proof of negligence in all cases of alleged medical malpractice. In addition, we note that a determination of whether the optimal time for conservative diagnostic therapy was more or less than three months constitutes negligence is a question for the fact finder. But it is

our belief that the fact finder cannot answer these questions without the guidance of an expert. Plaintiff posits that her allegations of defendant's negligence are so patent that they are common knowledge for which no expert testimony is necessary because her own testimony will clearly establish the negligent unreasonableness of defendant's conduct. To establish a case of professional negligence, a patient is required to prove by competent evidence that the conduct of the physicians fell below standards of reasonable medical practices and that her injuries were caused by the physicians' failure to provide such medical care. *Corbett v. Weisband*, 380 Pa. Super. 282, 551 A.2d 1059 (1988).

It is our opinion that plaintiff's testimony cannot establish for the fact finder negligence on the part of defendants with a degree of certainty. The lay juror is not equipped to decide whether a course of diagnosis and treatment was negligent based on the plaintiff's testimony. Plaintiff's testimony will not be conclusive, the lay juror will still need the benefit of expert testimony to determine within a reasonable degree of certainty the existence of any viable alternative to the diagnosis and treatment prescribed by defendants. It is logical and common sense, that this matter presently before the courts is not within the common knowledge of a lay juror. Certain questions cannot be determined intelligently merely from the deductions made and inferences drawn from practical experience and common sense. On such issues, the testimony of one possessing special knowledge or skill is required in order to arrive at an intelligent conclusion. 31 Am. Jur. 2d, Expert and Opinion Evidence §16 (1967). Plaintiff's testimony cannot establish the applicable professional standards and that defendant's alleged conduct departed from them. In these matters where laymen

have no knowledge or training, the court and jury are dependent on the explanations and opinions of experts. *Dion v. Graduate Hospital of University of Pa.*, 360 Pa. Super. 416, 520 A.2d 876 (1987). The law requires not merely conjecture, but rather sufficient data from which the question of negligence can be assessed with reasonable certainty. Unsupported assertions of conclusory accusations cannot create genuine issues of material fact to preclude entry of summary judgment. Pa.R.C.P. 1035(b).

Persuasive, credible arguments were made on both sides of this question, but absent an applicable exception, the law requires expert testimony to establish the appropriate standard of care and its violation. Expert testimony is *usually* also necessary to establish a causal connection between the alleged negligence and the injury.

Although questions of negligence and causation are generally for the jury, the question of sufficiency of the evidence is clearly within the trial judge's discretion. Where insufficient evidence exists to justify an inference of negligence and causation, the trial judge may properly grant judgment in favor of the party against whom liability is sought. *Caldwell v. Commonwealth of Pennsylvania*, 120 Pa. Commw. 358, 548 A.2d 1284 (1988); *Farnese v. Southeastern Pa. Transportation Authority*, 338 Pa. Super. 130, 487 A.2d 887 (1985). Absent the explicit testimony of a medical expert, the fact finder cannot be permitted to make a determination, as this would amount to mere speculation. The record is incomplete as to causation and liability thus a conclusion that defendants were negligent cannot reasonably or properly be reached by the jury.

We have no difficulty in declaring defendants' motion for summary judgment is granted. The fact

finder cannot be allowed to speculate, the existing case law dictates the absolute necessity of expert testimony in a medical malpractice case *if* there are questions as to the cause of the patients subsequent complications which are beyond the common knowledge of the average lay person. *Mitzelfelt v. Kamrin*, 379 Pa. Super. 121, 549 A.2d 935 (1988).

After a thorough review of the record, it is the opinion of this court that the general exception to the expert requirement is inapplicable to the facts of this case as it is not within the general knowledge of the jury to answer these fact questions. Therefore, in the absence of a triable issue of material fact, the motion for summary judgment must be granted.

## ORDER

Now, February 28, 1990, defendant's motion for summary judgment is granted.