592 A.2d 813

**CURTIS INVESTMENT COMPANY, Appellant,**

v.

**ZONING HEARING BOARD OF the BOROUGH OF WEST MIFFLIN and Borough of West Mifflin, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 29, 1991.

Decided June 3, 1991.

Ronald G. Backer, Pittsburgh, for appellant.

Donald C. Fetzko, West Mifflin, for appellee/intervenor.

Before COLINS and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This case comes to us on appeal from an order of the Court of Common Pleas of Allegheny County affirming the denial of a zoning use variance. We affirm.

The subject property is a portion of a 3.25 acre parcel located in West Mifflin Borough at the intersection of Lebanon Church Road and McArthur Drive. It lies on the edge of a district that is zoned R–2 Medium Density Residential, and is directly across the street from the Allegheny

County Airport. Curtis Investment Company (Owner) applied for a use variance so that it may build a fast food restaurant and automotive lubrication garage on the half of the parcel closest to the airport. The Zoning Hearing Board of the Borough of West Mifflin denied the application, and Owner appealed.

The trial court decided the appeal based on the Board's record and without taking additional evidence. The court affirmed the Board because it found that the factual findings were supported by substantial evidence, and that based on those facts, there was no entitlement to a variance. The court concluded that there were no physical characteristics which would render the property unusable for its zoned use, residences. In addition, the trial court determined that the request for the variance was, in reality, an attempt to rezone the property. Owner appealed to this court.

The issues raised by the Owner in this appeal may fairly be summarized as follows: 1) whether there is substantial evidence in the Board's record to support its findings of fact; 2) whether the Board erred in refusing to allow the Owner to put a video tape in evidence showing the property and its ancillary traffic problems; 3) whether the Board erred in its conclusion that the request for the use variance was a disguised attempt to rezone the parcel.

■ Our scope of review in a zoning appeal in which no new evidence is taken by the trial court is to determine whether the Board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Hearing Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). If the Board's decision is legally sound and supported by substantial evidence, it must be upheld. *Id.*

■ In order to establish entitlement to a variance, a property owner must show that the zoning ordinance imposes an unnecessary hardship because of unique physical circumstances or conditions peculiar to the property and that the unnecessary hardship is due to such conditions and

not by the conditions of the zoning ordinance in the neighborhood; that the physical circumstances prevent the property from any reasonable use; that the unnecessary hardship is not self created; that the requested variance will not destroy the character of the neighborhood; and that the variance represents the least possible modification of the ordinance. Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2; *Valley View.*

■ The Board and the trial court both found that the Owner failed to establish that there were unique physical circumstances which made the ordinance particularly burdensome to Owner. Owner maintains that the close proximity to the airport and other commercial properties as well as the heavy traffic in the area make half of the three-acre parcel unacceptable for residences, but acknowledges that the remainder will be developed as a residential property. As further proof of his position, Owner offered evidence that the airport noise measured on the premises was beyond the level conducive to residential areas. This evidence was rebutted by the testimony of neighbors who had resided in the area for a number of years, and who stated that the noise was not as bad as Owner maintained. The Board found the testimony of the neighbors more creditable than that of the Owner, and we may not reverse that finding. *Valley View.*

Similarly, Owner offered evidence that the heavy traffic and steep slope make the parcel undesirable for residences, but again the neighbors refuted these contentions. The very existence of residences around the perimeter of the property, belies Owner's argument that the property is not usable for residential purposes. Consequently, we find that the evidence supports the Board's conclusion that Owner has not established the criteria which would entitle it to a use variance.

Owner also argues that the Board's refusal to allow the video tape in evidence is error. We disagree. There were sufficient photographs of the property admitted in evidence to adequately describe the premises, and we believe that the video tape would merely be cumulative. The refusal to admit cumulative evidence is not error. *Smith v. Commonwealth*, 80 Pa.Commonwealth Ct. 117, 470 A.2d 1125 (1984).

Because we find that the Board's determination that Owner did not establish the necessary facts to entitle Owner to a use variance, we need not address the issue whether the application for the variance was actually an attempt to rezone the subject lot. It is sufficient to conclude merely that the Owner has not proved its right to a variance.

Accordingly, we affirm.

## ORDER

AND NOW, this 3rd day of June, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.