## In re Appeal of Burger

*Don F. Marshall,* for Robert L. Burger and Patricia B. Burger.

*Thomas F. Miller,* for intervenor.

*Donald A. Semisch,* for Northampton Township Zoning Hearing Board.

RUFE, *J.,* November 17, 1992—This matter involves an appeal by appellants Robert L. Burger and Patricia B. Burger from two decisions of the Northampton Township Zoning Hearing Board (1) denying their appeal from a violation notice and (2) requesting a building permit and variances.

Appellants are the record owners of a one and two-thirds acre tract of land situate at 194 Upper Holland Road, Richboro, Northampton Township, Pennsylvania. Initially appellants owned approximately 80 acres of land on which they maintained a dairy farm adjacent to the aforementioned tract. On July 12, 1988, the Burgers sold 79 acres of the larger tract to a developer while retaining a smaller tract totalling one acre for a residence and business office. Shortly thereafter, appellants acquired an additional two-thirds of an acre from the developer increasing their total acreage to one and two-thirds acres.

The Burgers now lease a sod farm at various locations throughout Northampton Township and store their farm machinery at their Upper Holland Road residence. On December 20, 1988, the Northampton Township Zoning Hearing Board denied appellants' application for a permit to build an equipment storage barn and a variance from the zoning ordinance governing height limitations for an accessory building. After a hearing before the Zoning Board and the Burgers' filing of a timely appeal, we denied appellants' petition for a stay of an enforcement from a cease and desist order issued by the township

pending the outcome of the appeal. The Township Zoning Ordinance prohibits the exterior storage of farm equipment on property totalling less than five acres.

A stay may be granted where the petitioner can show: (1) a likelihood of success on the merits; (2) that absent relief he will suffer irreparable harm; (3) the grant of a stay will not substantially harm other interested parties in the proceedings; and (4) the issuance of a stay will not adversely affect the public interest. *Township of Chartiers v. William H. Martin, Inc.*, 518 Pa. 181, 185, 542 A.2d 985, 987 (1988). Since the Burgers did not show irreparable injury, nor did they show that storage of their farm machinery was not a danger to the public, we denied the Burgers' petition for a stay. In spite of appellants' denials to the contrary, testimony revealed that the equipment posed an attractive nuisance to the children of neighboring residences. Given the obvious hazards we concurred with the board's decision to deny appellants' request for a stay of enforcement.

With respect to the Zoning Hearing Board's decision, where no additional testimony is taken to supplement the Zoning Hearing Board record, our scope of review is limited to whether the board committed an error of law or abused its discretion. *Board of Supervisors of Upper Southampton Township v. Zoning Hearing Board of Upper Southampton*, 124 Pa. Commw. 103, 555 A.2d 256 (1989). The gravamen of appellants' appeal is that the Zoning Board erred as a matter of law in denying their request for a building permit and variance request. We find no merit in appellants' argument and adopt the township's findings of fact and conclusions of law. The Burgers have not met the requirements for a variance.

The law is well settled that a variance may be granted where a landowner establishes that characteristics of the property burden the property to the extent that an un-

necessary hardship will result from the denial of the variance request and that it would not adversely affect the public health, safety or welfare. *Curtis Investment Co. v. Zoning Hearing Board of Borough of West Mifflin*, 140 Pa. Commw. 302, 592 A.2d 813 (1991). Appellants have not shown the safety, health and the welfare of the public would not be adversely affected. Additionally, the hardship complained of was self-imposed by their decision to retain less than the minimum required five acres.

Appellants also contend that the Zoning Enforcement Officer brought a nuisance action against them in violation of the Pennsylvania Right to Farm Act, 3 P.S. §951 et seq. when it issued its order. In particular, they cite section 956(b) for the proposition that the Act precludes the municipality from issuing nuisance actions which discourage agricultural operations. That section provides:

"The provisions of this Act shall not affect or defeat the intent of any federal, state or local statute or governmental regulation except nuisance ordinances as they apply to any normal agricultural operation."

The Right to Farm Act provides no definition of the term "nuisance ordinances." A review of the legislative history of the Act also sheds no light on such a definition. Therefore, we look to the Municipalities Planning Code to glean therefrom the purposes of zoning to determine whether zoning ordinances can be regarded as "nuisance ordinances." We conclude that zoning ordinances cannot be regarded as nuisance ordinances. Section 10604 of the Municipalities Planning Code (53 P.S. §10604) provides as follows:

"The provisions of zoning ordinances shall be designed:

"(1) To promote, protect and facilitate any or all of the following: the public health, safety, morals, and the general welfare; coordinated and practical community de-

velopment and proper density of population; emergency management preparedness and operations, airports, and national defense facilities, the provisions of adequate light and air, access to incident solar energy, police protection, vehicle parking and loading space, transportation, water, sewerage, schools, recreational facilities, public grounds, the provision of a safe reliable and adequate water supply for domestic, commercial, agricultural or industrial use, and other public requirements; as well as preservation of the natural, scenic and historic values in the environment and preservation of forests, wetlands, aquifers and floodplains.

"(2) To prevent one or more of the following: overcrowding of land, blight, danger and congestion in travel and transportation, loss of health, life or property from fire, flood, panic or other dangers.

"(3) To preserve prime agriculture and farmland considering topography, soil type and classification, and present use.

"(4) To provide for the use of land within the municipality for residential housing of various dwelling types encompassing all basic forms of housing, including single-family and two-family dwellings, and a reasonable range of multifamily dwellings in various arrangements, mobile homes and mobile home parks provided, however, that no zoning ordinance shall be deemed invalid for the failure to provide for any other specific dwelling type.

"(5) To accommodate reasonable overall community growth, including population and employment growth, and opportunities for development of a variety of residential dwelling types and nonresidential uses."

Thus the statute provides an array of "zoning purposes" from which we conclude that the power to zone is in no way limited to the suppression of nuisances. Therefore, the township is not precluded by the Pennsylvania Right

to Farm Act from enforcing its zoning ordinance, nor do we believe the legislature intended such a result, particularly where the public health, safety and welfare are involved.

Therefore, the township is not barred by the Act from enforcing its ordinances through the use of cease and desist orders. We further find that the board's decision was supported by substantial evidence and that the board did not commit a manifest abuse of discretion or error of law. Accordingly, we enter the following

## ORDER

And now, November 17, 1992, it is hereby ordered that the decision of the Northampton Township Zoning Hearing Board denying the appellants application for a building permit and variances and appeal from a violation notice is affirmed.