## Weidner v. Nassau

*Martin G. Goch,* for plaintiff.

*Dorothy Duffy,* for defendants Harry B. Nassau and Maurice E. Gross.

*Jay Lambert,* for defendant Ralph S. Mazer.

SALUS, *J.,* December 21, 1993—This appeal is made in response to the court's order of September 27, 1993, granting the motion for summary judgment made by defendants Nassau and Gross. Defendants' motion was made in response to plaintiff's complaint alleging defendants had committed the tort of negligent referral. The motion was granted because the Commonwealth does not recognize such a cause of action, and because plaintiff failed to support her allegation that defendants Nassau and Gross caused the injuries to plaintiff, an integral step in any negligence case.

In February 1985, plaintiff called defendants, her family physicians, for a referral to a podiatrist. Plaintiff spoke with defendants' receptionist, who took a message and then conferred with one of the defendants. The receptionist then phoned plaintiff, suggesting she contact either Dr. Kessler or Dr. Mazer. Plaintiff asked for the doctors' telephone numbers but was told to check in the local telephone book.

Plaintiff looked in the local telephone directory and saw an advertisement for podiatrist Ralph S. Mazer. Defendants in fact intended to refer plaintiff to podiatrist Raymond Mazer, not Ralph Mazer. Plaintiff contacted Ralph Mazer and received treatment from him, including surgery. Plaintiff suffered severe complications from the surgery, and partially blames her injuries on defendants' sloppy recommendation procedures.

Plaintiff raises only two issues on appeal, both of which are without merit.

Plaintiff first alleges the trial court erred in holding the tort of negligent referral is not a claim upon which relief can be granted. This claim fails simply because no court in Pennsylvania ever has recognized the cause of action of negligent referral. It would be a waste

of judicial resources to proceed to trial when ultimately there is no basis for plaintiff's claim.

Moreover, even if Pennsylvania recognized the tort, plaintiff has failed to allege conduct by defendants that would satisfy the definition of negligent referral; *i.e.,* even if the duty exists, defendants have not breached it. A referral is not negligent if the referring physician exercises due care in making the recommendation. *Jones v. Montefiore Hospital,* 275 Pa. Super. 422, 432-33 n.4, 418 A.2d 1361,1367 n.4 (1980), *rev'd on other grounds,* 494 Pa. 410, 431 A.2d 920 (1981). Plaintiff has not alleged that Dr. Ralph Mazer was incompetent or unskilled. If defendants intentionally had recommended Ralph Mazer and plaintiff suffered injuries, defendants would not be liable because a physician who merely recommends another is not liable for the other's negligence or malpractice. W.R. Habeeb, Annotation, Liability of one physician or surgeon for malpractice of another, 85 A.L.R.2d 889, 900 (1962). Further, Pennsylvania law does not require a family physician to follow a patient after referring the patient to a specialist. *Hannis v. Ashland State General Hospital,* 123 Pa. Commw. 390, 398, 554 A.2d 574, 578 (1989). There is no reason to hold the recommending doctor liable because he recommended one competent podiatrist instead of another. The miscommunication that caused defendants to recommend a different podiatrist does not mean they failed to act with due care.

Defendant next claims the court erred in holding that plaintiff failed to allege a causal link between defendants' actions and plaintiff's harm. This claim fails because although plaintiff established cause-in-fact, she did not establish proximate cause. Proximate cause is a tool used by the courts to limit liability when the causal chain resulting in plaintiff's injury is too remote.

*Caldwell v. Commonwealth,* 120 Pa. Commw. 358, 362, 548 A.2d 1284, 1286 (1988).

There is little doubt there is sine qua non, actual causation; *i.e.,* if defendants had not recommended Ralph Mazer, then plaintiff would not have suffered her injuries at his hand. The law, however, requires more direct cause—defendants' actions must be a substantial contributing factor in bringing about the harm. *Mazur v. Merck & Co.,* 742 F. Supp. 239 (E.D. Pa. 1990). This is where the causal connection between the recommendation and the injury becomes too tenuous to find liability—the defendants never treated plaintiff's feet. Any injury suffered by plaintiff was proximately caused by Ralph Mazer, not by Nassau & Gross.

In the end, plaintiff's claim fails because it does not satisfy several of the requirements needed to sustain a negligence action. The basic elements of a cause of action founded on negligence are duty, breach of duty, causal relationship between breach and resulting injury, and actual damage. *Casey v. Geiger,* 346 Pa. Super. 279, 499 A.2d 606 (1985), *allocatur denied,* 516 Pa. 638, 533 A.2d 710 (1987). Of those elements, plaintiff has pled sufficiently only damages. The remaining elements are not satisfied: there is no duty because there is no cause of action in Pennsylvania; even assuming a duty, there is no breach because defendants made an adequate recommendation; and there is no proximate cause linking the breach and the injury. In that light, the court properly granted defendants' motion for summary judgment and the order of the court should be affirmed.

(Appealed to Superior Court October 19, 1993.)