WIEAND, Judge:
 

 The sole issue now before this Court is whether the trial court erred when it entered a directed verdict in favor of the playmate of a minor plaintiff who suffered a broken leg while attempting to dismount from a rotating, playground Spin Around.
 

 Jeffrey Schmoyer, the minor plaintiff, was injured in August, 1983, while attempting to dismount from a Spin Around affixed to a playground owned by the Markley Farms Swim Club. A Spin Around is a platform, similar to a carousel, which rotates when pushed manually and on which children can ride. The top of the platform contains steel bars which can be held by the persons who sit upon or push the carousel. As the Spin Around was rotating, Schmoyer moved to the
 
 *162
 
 edge and kicked out with his legs as if to dismount. His legs came into contact with Raymond Hale, who was standing nearby (and who may have been pushing, the Spin Around) and became wedged between Hale and the bars of the Spin Around. As a result, Schmoyer sustained a broken left leg. Schmoyer thereafter filed suit against Markley Farms Swim Club and Mexico Forge, Inc., the designer and manufacturer of the Spin Around; and Hale was joined as an additional defendant.
 

 On the third day of trial by jury, a settlement was reached between Schmoyer and his parents, the party plaintiffs, and Markley Farms Swim Club, one of the defendants. Later, after all the evidence had been received, the learned trial judge entered directed verdicts in favor of Mexico Forge and Hale. Post-trial motions were denied. Schmoyer then filed an appeal from the verdict directed in favor of Mexico Forge; and Mexico Forge filed a cross-appeal in which it argued, inter alia, that if a new trial were ordered it should include Raymond Hale, in whose favor a directed verdict had been granted improperly by the trial court.
 

 The Superior Court affirmed the order of the trial court which had directed a verdict in favor of Mexico Forge and held that Schmoyer’s action was barred by a twelve year statute of repose. Therefore, the Court did not address Mexico Forge’s cross-appeal. See:
 
 Schmoyer by Schmoyer v. Mexico Forge, Inc.,
 
 423 Pa.Super. 593, 621 A.2d 692 (1993). The Supreme Court granted allocatur and reversed. It held that, as a matter of policy, it would not apply the statute of repose to mass produced devices even if they did become improvements to real estate. Therefore, it remanded the matter to the Superior Court to decide Mexico Forge’s cross-appeal. See:
 
 Schmoyer by Schmoyer v. Mexico Forge, Inc.,
 
 538 Pa. 1, 645 A.2d 811 (1994). The sole issue now before us is whether the trial court erred in entering a directed verdict in favor of Hale.
 

 A cause of action in negligence has four essential elements: (1) a duty on the part of the defendant to conform
 
 *163
 
 to a certain standard of conduct with respect to the plaintiff; (2) a breach of that duty by the defendant; (3) a causal connection between the defendant’s conduct and the injury suffered by the plaintiff; and (4) actual loss or damage suffered by the plaintiff. See:
 
 Burman v. Golay & Co., Inc.,
 
 420 Pa.Super. 209, 213, 616 A.2d 657, 659 (1992),
 
 allocatur denied,
 
 533 Pa. 648, 624 A.2d 108 (1993);
 
 Fennell v. Nationwide Mut. Fire Ins. Co.,
 
 412 Pa.Super. 534, 539, 603 A.2d 1064, 1067,
 
 allocatur denied,
 
 533 Pa. 600, 617 A.2d 1274 (1992);
 
 Alumni Association, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan,
 
 369 Pa.Super. 596, 601, 535 A.2d 1095, 1098 (1987),
 
 affirmed,
 
 524 Pa. 356, 572 A.2d 1209 (1990). The burden of proving the existence of negligence rests upon the party who has asserted it.
 
 Davis v. McDowell Nat’l Bank,
 
 407 Pa. 209, 212, 180 A.2d 21, 23 (1962).
 

 Although the question of negligence usually should be submitted to the jury, “where the facts leave no room for doubt, the judge may properly dispose of the issue without a jury.”
 
 Johnson by Johnson v. Walker,
 
 376 Pa.Super. 302, 307, 545 A.2d 947, 950 (1988),
 
 allocatur denied,
 
 522 Pa. 577, 559 A.2d 38 (1989). As the Superior Court stated in
 
 Farnese v. Southeastern Pennsylvania Transportation Authority,
 
 338 Pa.Super. 130, 487 A.2d 887 (1989):
 

 [Questions of negligence and causation are to be resolved by the jury, and not the judge[; however,] the question of the sufficiency of the evidence before presenting a question to the jury is clearly within the discretion of the trial judge. In fact, the trial court has a duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess or speculation.
 

 Id.
 
 at 135, 487 A.2d at 890. See:
 
 Morena v. South Hills Health System,
 
 501 Pa. 634, 639, 462 A.2d 680, 683 (Prior to submitting issue of negligence to jury, trial court must consider whether as a matter of law plaintiff has produced sufficient evidence to meet burden of proof). See also:
 
 Caldwell v. Commonwealth,
 
 120 Pa.Commw. 358, 362, 548 A.2d 1284, 1286 (1988) (“Where insufficient evidence exists to justify an inference of negligence and causation, the trial court may properly
 
 *164
 
 grant judgment in favor of the party against whom liability is sought.”). “If the evidence is such that no reasonably intelligent person would accept it as sufficient to establish the existence of a fact essential to negligence, it becomes the duty of the court to remove the issue from the jury, and to nonsuit the plaintiff, or to direct a verdict for the defendant, or to set aside the verdict once rendered.” W. Page Keeton, Prosser & Keeton on Torts at 236 (5th Edition, 1985) (footnote omitted).
 

 The mere occurrence of an accident does not require a finding of negligence.
 

 Nearly all human acts ... carry some recognizable but remote possibility of harm to another. No person so much rides a horse without some chance of a runaway, or drives a car without the risk of a broken steering gear or a heart attack. But these are not unreasonable risks. Those against which the actor is required to take precautions are those which society, in general, considers sufficiently great to demand preventive measures. No person can be expected to guard against harm from events which are not reasonably to be anticipated at all, or are so unlikely to occur that the risk, although recognizable, would commonly be disregarded. An unprecedented frost or flood, the robbery of a customer in the parking lot of a bank, a child picking up a plank with a nail in it and dropping it on his foot, a pedestrian tripping on a slight imperfection in the sidewalk, a workman being struck by lightning, — all of these things have happened, and will occur again; but they may not be so likely to do so on any particular occasion as to make it necessary to burden the freedom of human action with precautions against them. Such events are, in a sense, “unavoidable accidents,” for which there is no liability.
 

 W. Page Keeton, Prosser & Keeton on Torts at 170-171 (5th Edition, 1985) (footnotes omitted). The duty which is owed in any given situation depends primarily upon the relationship between the parties at the time of the injury.
 
 Alumni Association, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan, supra
 
 369 Pa.Super. at 601, 535 A.2d at 1098. Unless there is a special relationship between the defendant
 
 *165
 
 and the plaintiff, the only duty owed by the defendant to the plaintiff is the general duty imposed upon all persons not to expose others to risks of injury which are reasonably foreseeable.
 
 Id.
 
 See also:
 
 Burman v. Golay & Co., Inc., supra
 
 420 Pa.Super. at 214, 616 A.2d at 659;
 
 Casey v. Geiger,
 
 346 Pa.Super. 279, 290, 499 A.2d 606, 612 (1985),
 
 allocatur denied,
 
 516 Pa. 638, 533 A.2d 710 (1988).
 

 Since a special duty of care was not owed by Hale to Sehmoyer merely by virtue of their friendship, Hale may only be liable for negligence if his conduct was such that it exposed Sehmoyer to a reasonably foreseeable harm. Recreational activities engaged in by children often include situations in which injuries may occur. Absent evidence that the injury occurred because a playmate was acting in an unreasonable or dangerous manner, the playmate will not be found negligent for engaging in play.
 
 Johnson by Johnson v. Walker, supra.
 
 To allow otherwise would seriously curtail normal playtime activities among children.
 
 Id.
 
 The only evidence in the instant case was that Hale, at the time of Schmoyer’s injury, was standing in close proximity to the rotating Spin Around and may have been pushing it at some time before Sehmoyer extended his legs in an apparent attempt to jump from the Spin Around.
 
 [1]
 
 There is no evidence that Sehmoyer gave warning of his sudden movement or that Hale should reasonably have anticipated the same. Therefore, there was no evidence from which a jury could have inferred that Hale had acted in a negligent or inappropriate manner in failing to move a greater distance from the Spin Around. The trial court, therefore, did not err when it entered a directed verdict in favor of Raymond Hale. See:
 
 Johnson v. Walker, supra
 
 (playmate not negligent where plaintiff was injured in normal course of recreational activity).
 

 The order of the trial court directing a verdict in favor of Raymond Hale is affirmed. The order of the trial court directing a verdict in favor of Mexico Forge is reversed
 
 *166
 
 pursuant to order of the Supreme Court and the case is remanded for further proceedings consistent therewith.
 

 [1]
 

 . Mexico Forge contends that several youngsters may have been "horsing around,” but there is no evidence that Hale was one of the youngsters who was “horsing around.”