# Proctor v. Port Authority of Allegheny County

C.P. of Allegheny County, no. GD98-11083.

*Walter J. Nalducci,* for plaintiff.
*Colin Meneely* and *Terrence R. Henne,* for defendant.

BALDWIN, *J.,* October 29, 2001—Plaintiff David Proctor appeals from this court's order of August 27, 2001, granting the motion for summary judgment filed by defendant, the Port Authority of Allegheny County. Plaintiff timely filed a notice of appeal, and a docketing statement with this court in the above captioned case. The crux of this appeal is whether or not the defendant is immune from suit according to law.

In his docketing statement, plaintiff argues that this court committed either an error of law or an abuse of discretion by finding that the facts of this case, as alleged in his complaint, do not fall under the real estate exception of the Sovereign Immunity Act, title 42 Pa.C.S. §8522(b)(4), under the circumstances presented herein. Subsection (b)(4) of this Act provides, as follows:

*"(b) Acts which may impose liability.* The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

*"(4) Commonwealth real estate, highways and sidewalks.* A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real

property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5)." 42 Pa.C.S. §8522(b)(4) (West 2001).

Plaintiff filed a concise statement of matters complained of on appeal pursuant to Appellate Rule 1925(b). In his statement of matters complained of, plaintiff contends that this court erred by granting defendant's motion for summary judgment in finding that the instant facts do not fall under the real estate exception to Sovereign Immunity Act as that exception has been set forth in 42 Pa.C.S. §8522(b)(4).

As relayed in the statement, plaintiff is a City of Pittsburgh police officer. On or about July 31, 1996, he was physically injured, while on duty, when his motorcycle slid out from underneath him as it crossed over a diesel fuel spill purportedly caused by a Port Authority Transit (PAT) bus traveling on defendant's property known as the Martin Luther King bus way. In addition to these stipulated facts of record, the parties agree that PAT owns and operates this particular bus way, and is charged with its reasonable maintenance, repair and upkeep.

Plaintiff has not pleaded any facts as to the defendant's knowledge of this condition. In its answer and new matter (¶¶10, 11, and 12), the defendant denies that it had notice as to the diesel fuel spill prior to this accident.

Plaintiff further alleges that PAT acted negligently in creating the diesel fuel spill on the surface of the roadway, and by failing to remedy this dangerous condition. (See complaint at ¶6.) Plaintiff, though, sets forth no factual allegations concerning the requisite notice of this

condition of the land, nor does he plead his own inability to realize this danger and/or to avoid it with any degree of specificity.

In the alternative, plaintiff alludes to the codified motor vehicle exception of the sovereign immunity doctrine, 42 Pa.C.S. §8522(b)(1). (Plaintiff's brief in opposition to defendant's motion for summary judgment at pp. 8-9.) According to plaintiff, this artificial or man-made condition on, or of, the land constitutes a dangerous condition.

Plaintiff next alleges that his physical injuries were sustained as a direct and proximate result of the motorcycle accident, which was precipitated by the defendant's exclusive negligence in creating this alleged dangerous condition of, or on, the land. (See complaint at ¶¶6-7.) Finally, plaintiff distinguishes for this court PAT's affirmative acts and omissions from those of other potential, yet disinterested third parties, presumably, on the basis of interpretive case law in support of his position. (See plaintiff's brief in opposition to defendant's motion for summary judgment at pp. 5-8.)

Defendant, on the other hand, specifically denies that it was negligent here in any manner. Defendant contends that despite the plaintiff's arguments to the contrary, it is immune from suit because the underlying facts of this action do not fall within the real estate exception under section 8522(b)(4). Additionally, defendant asserts the motor vehicle exception, noted above, is inapposite too. Defendant, thus, submits to this court that it is entitled to summary judgment in this case.

On April 26, 2001, the above captioned case was submitted to a board of arbitrators for resolution on the merits. The plaintiff obtained a money judgment for $15,000 against the defendant. The board of arbitrators concluded that the evidence adduced at the hearing established that PAT's negligence was a substantial factor (the legal cause) in contributing to Proctor's injuries.

Defendant appealed the decision of the board of arbitrators to this court. Defendant next filed a motion for summary judgment. Defendant argued for this relief on the basis of the doctrine of sovereign immunity. The parties submitted briefs on the legal question at issue and this court heard the parties' oral arguments on August 27, 2001. This court granted the defendant's motion. This appeal followed.

The relevant standard of review for a summary judgment is well settled under Pennsylvania law. Rule 1035.2 of the Pennsylvania Rules of Civil Procedure, in relevant part, states that:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) If, after the completion of discovery relevant to the motion, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury

trial would require the issue to be submitted to the jury." Pa.R.C.P. 1035.2(1) and (2).

Applying these standards to the present case, this court concludes that the plaintiff has failed to produce sufficient evidence of material facts essential to support his negligence-based claim. As such, there are no genuine issues of material fact with respect to the plaintiff's claim to be submitted to a jury pertaining to the real estate exception of the Sovereign Immunity Act. The defendant is, therefore, entitled to summary judgment as a matter of law.

The applicable rule of law mandates that summary judgment is appropriate in a case, as here, that is free and clear from all doubt. *Hughes v. Seven Springs Farm Inc.,* 563 Pa. 501, 762 A.2d 339 (2000); *Baesel v. New Boulevard Baking Co.,* 410 Pa. Super. 591, 593-94, 600 A.2d 610, 612 (1991); *Rybas v. Wapner,* 311 Pa. Super. 50, 54, 457 A.2d 108, 109 (1983). In ruling on a motion for a summary judgment, as here, the court must view the entire record in the light most favorable to the non-moving party, and accept as true all well-pleaded facts and all reasonable inferences to be drawn therefrom. *First Philson Bank v. Hartford Fire Insurance Co.,* 727 A.2d 584, 587 (Pa. Super. 1999); *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 145, 615 A.2d 303, 304 (1992).

Any doubt as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party. *Lititz Mutual Insurance Co. v. Steely,* 746 A.2d 607, 609 (Pa. Super. 1999); *Chorba v. Davlisa Enterprises Inc.,* 303 Pa. Super. 497, 500, 450 A.2d 36, 38

(1982). Applying these established standards to the present facts, this court concludes as a matter of law that the defendant is entitled to a summary judgment.

Plaintiff argues that this court committed an error of law or abused its discretion by finding that the salient facts of this case, as alleged in his complaint, do not fall under the real estate exception of the Sovereign Immunity Act.[1] This court disagrees.

Pennsylvania law clearly requires that in all negligence actions the plaintiff must sufficiently establish that the defendant was charged with an ascertainable duty of care, that the defendant failed to reasonably exercise that duty in some manner, and that the plaintiff was harmed as a direct result of the defendant's negligence. *Hamil v. Bashline,* 481 Pa. 256, 266, 392 A.2d 1280, 1286 (1978). As stated, the plaintiff bears the burden of proof with respect to each of these required elements. *Hamil,* 481 Pa. at 266, 392 A.2d at 1286; *Schmoyer v. Mexico Forge Inc.,* 437 Pa. Super. 159, 163, 649 A.2d 705, 707 (1994) (The trial court has the duty to resolve all questions pertaining to the sufficiency of the evidence). Any questions as to the sufficiency of the evidence lie within the sound discretion of the trial court. *Schmoyer,* 437 Pa. Super. at 163-64, 649 A.2d at 707.

The Restatement (Second) of Torts, section 342, provides that:

---

1. Plaintiff does not raise an argument, on appeal, as to the applicability of the motor vehicle exception to the sovereign immunity doctrine. Therefore, this court will not address said issue.

"A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if:

"(a) *the possessor knows or has reason to know of the condition* and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

"(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

"(c) the licensees do not know or have reason to know of the condition and the risk involved." (emphasis added) Compare, *Peair v. Home Association of Enola Legion No. 751,* 287 Pa. Super. 400, 406, 430 A.2d 665, 668 (1981) (A pedestrian walking on a public sidewalk is a licensee of the property owner).

Under Pennsylvania law, it is clear that all property owners have a duty of care to keep their property in a reasonably safe condition, and to otherwise maintain their property so as to prevent an unreasonable risk of harm to pedestrians. *Peair,* 287 Pa. Super. at 405, 430 A.2d at 668; *Carrender v. Fitterer,* 503 Pa. 178, 185, 469 A.2d 120, 123 (1983). However, a property owner may *not* be subject to liability for harm caused to another by virtue of a mere slippery condition. See *e.g., Roland v. Kravco Inc.,* 355 Pa. Super. 493, 498, 513 A.2d 1029, 1032 (1986). This court cannot conclude that the defendant should be subject to liability for the reasons that follow.

A condition of the land constitutes a "dangerous" or "hazardous" condition when it creates an unreasonable risk of harm to others. *Bromberg v. Gekoski,* 410 Pa. 320,

189 A.2d 176 (1963). Also, if an owner or possessor of land has notice of a dangerous condition on his property, and still allows the dangerous condition to exist without acting within a reasonable period of time to remedy the situation, he or she is liable for negligence for any harm caused to another. *Vanic v. Ragni,* 435 Pa. 26, 254 A.2d 618 (1969) (A defendant who knows or has reason to know of a dangerous condition, and who fails to take reasonable measures to remedy the condition or to warn others of the condition is subject to liability); *Sharp v. Luksa,* 440 Pa. 125, 269 A.2d 659 (1970) (same).

In this case, the pleadings of record reveal that plaintiff has failed to allege any facts as to the defendant's purported knowledge of the diesel fuel spill, and as to how defendant may have been derelict in its duty to warn others of this condition, or to take timely and reasonable measures to remedy it. As previously discussed, the facts of record here do not establish that the defendant had any notice of the diesel fuel spill prior to the plaintiff's accident. Defendant did not know and did not have a reason to know of the diesel fuel spill prior to the accident.

No facts have been pleaded to even show that the plaintiff had either a way to realize the existence of this condition or to avoid it. This court notes that the parties' stipulations of facts are silent on these evidentiary points. Moreover, in order for the defendant's liability to be debated in the context of this analysis, plaintiff must show that his claim falls within the real estate exception. Under these circumstances, plaintiff cannot meet its requisite burden.

Case law supports this conclusion. The alleged dangerous condition must derive, originate from or have as its source the Commonwealth realty. *Snyder v. Harmon,* 522 Pa. 424, 432, 562 A.2d 307, 311 (1989). The operative language articulated in the aforementioned text of the Pennsylvania Supreme Court's opinion is that the "dangerous condition must derive, originate from or have as its source *the Commonwealth realty." Id.* (emphasis added) Giving due consideration to the intended meaning and logical construction of this phrase, this court concludes that the facts of record do not permit any other result. See *Jones v. SEPTA,* 565 Pa. 211, 772 A.2d 435, 441-44 (2001).

In *Jones,* the case cited by the parties herein, and on which the plaintiff relies, a passenger sued the defendant authority alleging that she sustained personal injuries when she slipped on rock salt that was present on a train platform. *Jones,* 565 Pa. at 211, 772 A.2d at 437. The trial court granted the motion for summary judgment filed by the defendant. *Jones, supra* at 437-38. The plaintiff appealed that decision. Both the Commonwealth Court of Pennsylvania and the Pennsylvania Supreme Court affirmed the trial court's ruling. *Id.*

The *Jones* court set forth the proper test to decide whether the real estate exception to the Sovereign Immunity Act applied. The issues presented in that case were whether the rock salt on the train platform constituted a dangerous condition and, if so, if that dangerous condition derived from, originated from or had as its source the Commonwealth realty. *Id.* at 441-44. It did not and, therefore, SEPTA had sovereign immunity. *Jones* is determinative of this case.

Plaintiff attempts to distinguish the salient facts involved in *Jones* from the instant facts of record by stating that in the *Jones* case the dangerous condition at issue was created by, or facilitated by, the actions of a third or other party. Plaintiff thereby implies that the result in this case should be different on that basis. In fact, this is a difference without a distinction.

In *Snyder,* the court stated that in order to pierce the sovereign immunity of the Commonwealth agency, proof of the defect of the realty itself is needed, like an improper design, poor maintenance or a deteriorating condition. A foreign substance is not enough, no matter who deposited it.

Plaintiff pleads that the source or origin of this particular diesel fuel spill was a PAT bus. In other words, plaintiff's theory of recovery against the defendant is premised on the fact that a PAT bus was responsible for causing the alleged dangerous condition located on the Commonwealth's realty. A PAT bus is a vehicle. A vehicle is not a part of the realty. The diesel fuel, itself, did not come from the realty in question. As such, the alleged dangerous condition could not, and did not, derive, originate from, or have as its source, the Commonwealth realty. Plaintiff's only argument therefore lacks merit.

The rationale for the real estate exception to the Sovereign Immunity Act is to ensure that liability is not incurred by Commonwealth agencies, unless there is an inherent problem with the realty in question, which is caused by the agency. The real estate exception is a narrow exception. It, therefore, must be strictly construed.

In so far as the facts of record are concerned, this court finds that the undisputed facts of record establish that the actual source of this alleged dangerous condition did not derive, originate from, or have as its source, the Commonwealth realty. The specific facts alleged by the plaintiff in this case do not meet the applicable standard, as a matter of law.

If, in fact, this diesel fuel spill does constitute a "dangerous condition," it was not caused by the realty owned, operated, or maintained by the Commonwealth. *Finn v. City of Philadelphia,* 541 Pa. 596, 601-602, 664 A.2d 1342, 1345 (1995) (The real estate exception to the sovereign immunity doctrine applies only in instances where the artificial condition of the land causes the injury). The defendant was unaware of the diesel fuel spill. As a result, it could take no action to cure this unknown condition.

Defendant also could not have breached a duty of reasonable care, if one did not exist, as here. However, even if PAT was somehow negligent either in its actions or omissions by failing to make the property in question reasonably safe for the activities for which it is used, the defendant cannot be held liable to Proctor, under the existing facts, due to the sovereign immunity doctrine as a matter of law.

In sum, since the alleged defect complained of by the plaintiff in this case did not derive, originate from, or have as its source, the Commonwealth realty, Proctor cannot meet the requisite burden. Because the plaintiff cannot establish that the negligent actions complained of here are covered by the real estate exception, the de-

fendant is entitled to statutory protection from all liability, as provided in the context of sovereign immunity.

For these reasons, the decision of this court issued on August 27, 2001, should be affirmed.