# Venini v. BKU Inc.

C.P. of Lehigh County, no. 2001-C-3275.

*Robert S. Robbins,* for plaintiffs.
*Michael A. DeTommaso,* for defendants.

BLACK, *J.*, August 13, 2004—The plaintiffs seek to recover compensatory and punitive damages for personal injuries allegedly sustained by them as a result of an assault by "bouncers" at an establishment known as the Sterling Hotel. The plaintiffs claim that the bouncers were employed by the defendants and that the defendants sanctioned the assault and were negligent.

Before the court for disposition is the defendants' motion for summary judgment. The individual defendants, Timothy Briody and Pamela Briody, who are the sole stockholders, directors and officers of the corporate defendant, BKU Inc., contend that they did not employ the security personnel at the Sterling Hotel and therefore are not responsible for their conduct. All defendants seek summary judgment on the ground that there is no evidence to support the plaintiffs' claims against them.

The evidence submitted to the court for consideration consists of the pleadings, an affidavit of Timothy Briody, the depositions of the plaintiffs, and the depositions of two alleged witnesses to the incident referred to in the complaint.

For the reasons stated below, the defendants' motion for summary judgment is granted on all claims against the individual defendants, Timothy J. Briody and Pamela

Briody. The motion is granted in part and denied in part with respect to the claims against BKU.

## FACTUAL AND PROCEDURAL BACKGROUND

When the present cause of action arose, the Sterling Hotel was owned and operated by BKU. The individual defendants, Timothy Briody and Pamela Briody, were the sole officers, directors and shareholders of BKU.[1] On the evening of December 11, 1999, the plaintiffs visited the Sterling Hotel for the purpose of purchasing food and drinks from approximately 9 p.m. until after 12 midnight. The plaintiffs allege that security personnel at the Sterling Hotel attacked them as they were preparing to leave, causing serious bodily injuries. Plaintiff Anthony Venini claims to have sustained injuries that included a gouged eye, contusions, a laceration to his head, the displacement of the septum in his nose, and bruises. Injuries to plaintiff Franklin P. Stoltz allegedly consisted of an injury to his right shoulder, throat bruises, and posttraumatic stress.

The plaintiffs contend that the security personnel responsible for their injuries were employed by the defendants and were acting on their behalf. The complaint also alleges that the defendants were on notice that their security personnel were dangerous because these individuals were not properly trained and had a reputation in the community for violence. The plaintiffs additionally claim that the defendants failed to warn them of the danger and did not intervene in order to stop the infliction of harm upon them.

---

1. Affidavit of Timothy Briody.

The plaintiffs were arrested on the evening in question and cited for public drunkenness and disorderly conduct. The plaintiffs subsequently pled guilty to the public drunkenness and disorderly conduct charges.[2]

This case was submitted to compulsory arbitration by court order of August 20, 2003, pursuant to Leh. R.C.P. 1301 et seq. An arbitration hearing before three arbitrators was held on March 8, 2004. The arbitrators found in favor of plaintiff Anthony Venini in the amount of $8,500 and in favor of plaintiff Franklin P. Stoltz in the amount of $6,000 against all defendants. The plaintiffs filed a notice of appeal of the arbitration award, after which the defendants filed the motion for summary judgment now before the court.

## DISCUSSION

### I. *Summary Judgment Standard*

Summary judgment is warranted after the relevant pleadings are closed under the following circumstances:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

---

2. Deposition of Franklin P. Stoltz, 12/10/03 (Stoltz dep.), 61-62.

Summary judgment is to be granted only in a case that is clear and free from doubt. *Washington v. Baxter,* 553 Pa. 434, 441, 719 A.2d 733, 736 (1998).

## II. *The Claims Against Defendants Timothy J. Briody and Pamela Briody*

Under Pennsylvania Rule of Civil Procedure 1035.2, the party responding to a summary judgment motion has a significant burden. If the record on which the motion is submitted does not contain sufficient evidence of facts essential to the non-moving party's cause of action or defense, the non-moving party must produce evidence by way of affidavit, admissions, answers to interrogatories or depositions. As the Pennsylvania Supreme Court stated in *Ertel v. Patriot-News Co.,* 544 Pa. 93, 100, 101-102, 674 A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996),

"Allowing non-moving parties to avoid summary judgment where they have no evidence to support an issue on which they bear the burden of proof runs contrary to the spirit of Rule 1035. . . .

"Thus, we hold that a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

Accordingly, it is not sufficient to argue, as the plaintiffs have in their brief, that there are possible theories of recovery against the individual defendants, such as piercing the corporate veil. The mere propounding of legal

theories, without any supporting evidence, does not sustain the plaintiffs' burden. Rule 1035.2 places an affirmative duty on the plaintiffs to produce evidence on those issues on which the plaintiffs have the burden of proof.

The plaintiffs assert that Timothy J. Briody and Pamela Briody were negligent in their supervision and control of the security personnel. The plaintiffs have the burden of proving this allegation. See *Schmoyer v. Mexico Forge Inc.*, 437 Pa. Super. 159, 163, 649 A.2d 705, 707 (1994) (claimant has the burden of proving negligence). Therefore, in response to the motion for summary judgment, the plaintiffs were required to produce competent evidence sufficient to take its claim of negligence on the part of the individual defendants to a jury.

An examination of the record indicates that the plaintiffs have failed to meet this burden. The plaintiffs erroneously rely on the Pennsylvania Supreme Court holding in *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932), in their response to the summary judgment motion. The court cannot grant summary judgment where the *moving party* relies exclusively upon oral testimony, affidavits, or depositions to establish the absence of a genuine issue of material fact. Note to Pa.R.C.P. 1035.2; *Valles v. Albert Einstein Medical Center,* 569 Pa. 542, 555, 805 A.2d 1232, 1239 (2002); *Nanty-Glo Boro.,* 309 Pa. at 238, 163 A.2d at 524. The rationale behind this rule is that even if such evidence is uncontradicted, the determination of credibility lies with the jury. Only where there are no issues of credibility can summary judgment be entered in a case where the moving party has the burden of proof.

In this case, however, the *Nanty-Glo* rule is not applicable because the *non-moving parties,* the plaintiffs, have

the burden of proof. In such a case, the Pennsylvania Supreme Court holding in *Manzetti v. Mercy Hospital of Pittsburgh,* 565 Pa. 471, 776 A.2d 938 (2001), sets the standard. In *Manzetti,* the court held that if the non-moving party bears the burden of proof, he may not rely upon the pleadings alone to survive summary judgment. Yet this is precisely what the plaintiffs are attempting to do. In their answer to the complaint, the defendants did not admit any element of the plaintiffs' claims; and the plaintiffs have failed to submit any evidence in the form of affidavits, depositions, or expert reports that would support their claims of negligence on the part of the individual defendants. The depositions of the plaintiffs and their witnesses do not make any reference to Timothy J. Briody or Pamela Briody.

Thus, the evidence presented to the court is insufficient for a jury to conclude that the individual defendants were negligent or that they are responsible for the actions of the security personnel under a theory of vicarious liability. The plaintiffs have the burden of proof on these issues, and in the absence of any evidence supporting these claims, summary judgment must be granted in favor of the individual defendants.

### III. *The Claims Against BKU Inc. t/a Sterling Hotel*

The plaintiffs have asserted claims against BKU based on allegations of corporate negligence and vicarious liability. No evidence has been submitted to support a cause of action against BKU for corporate negligence, and the motion for summary judgment must be granted in favor of BKU on that claim. However, the claim of vicarious liability remains viable, and on that claim the motion for summary judgment is denied.

In Pennsylvania, an employer is responsible for tortious misconduct by an employee that causes harm to a third party, so long as the employee's misconduct occurred in the course of and within the scope of his employment. *Costa v. Roxborough Memorial Hospital,* 708 A.2d 490, 493 (Pa. Super. 1998).

"The conduct of an employee is considered 'within the scope of employment' for purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer." *Id.* (citations omitted)

"The determination of whether a person was acting within the scope of his employment is typically a question for the jury." *Id.; see also, Fitzgerald v. McCutcheon,* 270 Pa. Super. 102, 106, 410 A.2d 1270, 1271 (1979).

The record in the present case is sufficient to support a jury finding that the elements of the *Costa* test are satisfied. BKU employed the security personnel at the Sterling Hotel as bouncers. Both plaintiffs testified in their depositions that they were assaulted by several of these bouncers during their visit to the hotel. It is reasonable to infer from the nature of their positions that the bouncers were authorized by BKU to exert some degree of force in the course of performing their jobs and that their use of force was not unexpected by BKU. The incident in question also occurred inside the Sterling Hotel during the time that the bouncers were present and working

for BKU. Therefore, the summary judgment motion must be denied on the claim of vicarious liability against BKU for the actions of the bouncers under the doctrine of respondeat superior.

## CONCLUSION

For the reasons stated, the defendants' motion for summary judgment is granted in part and denied in part. The motion is granted with respect to all claims against the individual defendants, Timothy J. Briody and Pamela Briody. The motion is also granted with respect to the claims of corporate negligence against BKU. However, the motion is denied with respect to the claims against BKU based on vicarious liability for the actions of the bouncers.

## ORDER

Now, August 13, 2004, upon consideration of the defendants' motion for summary judgment and the plaintiffs' response thereto, for the reasons set forth in the accompanying opinion, it is ordered that the motion is granted in part and denied in part, as follows:

(1) The motion is granted with respect to all claims against defendants Timothy J. Briody and Pamela Briody, and summary judgment is hereby entered in their favor.

(2) The motion is granted with respect to the claims of corporate negligence against defendant BKU Inc. t/a Sterling Hotel (excluding claims based on vicarious liability), and partial summary judgment is entered in favor of BKU Inc., on these claims.

(3) The motion is denied with respect to the claims against BKU Inc., based on vicarious liability.