J-A04025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BERNADETTE BRUNO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SANDS BETHWORKS GAMING, LLC, | : | |
| A/K/A SANDS CASINO RESORT | : | |
| BETHLEHEM | : | |
| | : | |
| Appellee | : | No. 1231 EDA 2020 |

Appeal from the Order Entered May 18, 2020
In the Court of Common Pleas of Northampton County
Civil Division at No(s): No. C-48-CV-2019-01317

BEFORE: STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.: **FILED: APRIL 5, 2021**

Appellant, Bernadette Bruno, appeals from the order entered in the

Northampton County Court of Common Pleas, which granted summary

judgment in favor of Appellee, Sands Bethworks Gaming, LLC, a/k/a Sands

Casino Resort Bethlehem, in this negligence action. We affirm.

The relevant facts and procedural history of this case are as follows. On

January 1, 2018, Appellant slipped and fell in a restroom stall on Appellee's

premises. Appellant filed a complaint on February 15, 2019, asserting claims

of negligence against Appellee due to the hazardous condition in the restroom

stall. After the parties completed discovery, Appellee filed a summary

_____

[*] Retired Senior Judge assigned to the Superior Court.

judgment motion on January 21, 2020. Among other things, Appellee argued that Appellant "was unable to identify what the alleged wet spot was, was unaware of how the alleged wet spot had originated, and was unaware of the length of time the alleged wet spot existed prior to the subject fall[.]" (Summary Judgment Motion, filed 1/21/20, at 3).

Appellee's motion also included a witness statement from Christina Collins, Appellee's employee who was working in the restroom on the night of the accident. Ms. Collins indicated she had checked all restroom stalls shortly before Appellant's fall, and "everything was good" during her inspection. (*Id.* at Exhibit C).

Appellant filed a response in opposition to the summary judgment motion on April 16, 2020. Regarding the time elapsing between the origin of the spill and the accident, Appellant asserted "the dangerous condition of the stall existed when [Appellant] entered the bathroom. The latch for the stall was broken so no other guests would use that [stall], and [Appellee's] bathroom attendant entered that stall five minutes prior to [Appellant]." (Response, filed 4/16/20, at ¶13).

On May 18, 2020, the trial court granted Appellee's summary judgment motion. The court concluded that Appellant "does not allege actual notice of the alleged harmful condition in the restroom, and has failed to produce sufficient evidence that, if accepted by a jury, would establish that [Appellee] had constructive notice of the alleged harmful condition." (Order, filed

5/18/20, at 3). The court also noted "the evidence presented by [Appellant] does not naturally lead to the conclusion that wetness was present on the floor for any particular length of time." (*Id.* at 4).

Appellant timely filed a notice of appeal on June 16, 2020. On July 2, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained on appeal. Appellant timely filed her Rule 1925(b) statement on July 21, 2020.

Appellant raises one issue for our review:

> Did the trial court err in holding on summary judgment that [Appellant] failed to meet her burden of production regarding the issue of actual/constructive notice in this premises liability action?

(Appellant's Brief at 3).

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of America*, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations and quotation marks omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert.*

*denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.
>
> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

On appeal, Appellant contends her deposition testimony established that a dangerous condition existed on the floor of the restroom stall. Appellant

- 4 -

acknowledges that Appellee's employee, Ms. Collins, was present in the restroom at the time of the accident, and Ms. Collins claimed that the hazard did not exist minutes before the accident. Appellant insists, however, that Ms. Collins' statement "created a clear question of material fact regarding notice. Had Ms. Collins simply looked in the stall as she claimed—and as was her job duty—she would have seen the hazardous condition." (Appellant's Brief at 10). Appellant concludes the hazardous condition must have existed when Ms. Collins conducted her inspection, Appellee failed to exercise reasonable care under the circumstances, and this Court should reverse the order granting Appellee's summary judgment motion. We disagree.

"In trying to recover for an action in negligence, a party must prove four elements." *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286 (Pa.Super. 2005), *appeal denied*, 587 Pa. 731, 901 A.2d 499 (2006).

> They are:
>
> 1. A duty or obligation recognized by law.
>
> 2. A breach of the duty.
>
> 3. Causal connection between the actor's breach of the duty and the resulting injury.
>
> 4. Actual loss or damage suffered by complainant.

*Id.* (emphasis omitted).

"The burden of proving the existence of negligence rests upon the party who has asserted it." *Schmoyer by Schmoyer v. Mexico Forge, Inc.*, 649 A.2d 705, 707 (Pa.Super. 1994). "The mere fact that an accident has occurred

does not entitle the injured person to a verdict. A plaintiff must show that the defendant owed a duty of care, and that this duty was breached." ***Rauch v. Mike-Mayer***, 783 A.2d 815, 824 n.8 (Pa.Super. 2001), *appeal denied*, 568 Pa. 634, 793 A.2d 909 (2002) (internal citations omitted).

> The nature of the duty which is owed in any given situation hinges primarily upon the relationship between the parties at the time of the plaintiff's injury. The standard of care that a possessor of land owes to one who enters upon the land depends upon whether the entrant is a trespasser, a licensee or an invitee. … A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. … Applying section 343 of the Restatement (Second) of Torts, this court has explained that a party is subject to liability for physical harm caused to an invitee only if:

>> he knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, he should expect that the invitee will not realize it or will fail to protect themselves against it, and the party fails to exercise reasonable care to protect the invitees against the danger.

> An invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition.

***Estate of Swift v. Northeastern Hosp. of Philadelphia***, 690 A.2d 719, 722 (Pa.Super. 1997), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997) (internal citations omitted).

In determining whether a plaintiff has established actual or constructive notice:

> Pennsylvania courts have uniformly held that if the harmful transitory condition is traceable to the possessor or his

agent's acts, (that is, a condition created by the possessor or those under his authority), then the plaintiff need not prove any notice in order to hold the possessor accountable for the resulting harm. In a related context, where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition, thereby obviating additional proof by the invitee that the owner had constructive notice of it. Where, however, the evidence indicates that the transitory condition is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it.

**Moultrey v. Great A & P Tea Co.**, 422 A.2d 593, 596 (Pa.Super. 1980) (internal citations omitted). "What constitutes constructive notice must depend on the circumstances of each case, but one of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident." **Neve v. Insalaco's**, 771 A.2d 786, 791 (Pa.Super. 2001) (quoting **Rogers v. Horn & Hardart Baking Co.**, 127 A.2d 762, 764 (Pa.Super. 1956)).

Instantly, Appellee's summary judgment motion included relevant portions of the transcript from Appellant's deposition. In her deposition testimony, Appellant indicated someone else was leaving the restroom as she entered it. (**See** Exhibit B of Summary Judgment Motion at 41). When Appellant entered the stall, she looked down and "[s]aw debris, I saw a couple wet spots." (**Id.**) Appellant further described the hazard as "brown spots,"

interspersed with "water spots." (*Id.* at 58).

Significantly, regarding the time elapsing between the origin of the spill and the accident, Appellant stated:

> [COUNSEL:]     Okay.  Do you have any understanding how the wet spots that you observed in the stall arrived on the ground there?
>
> [APPELLANT:]     No.
>
> [COUNSEL:]     **Do you have any understanding as to how long they were in that spot before you fell?**
>
> [APPELLANT:]     **No.**

(*Id.* at 56) (emphasis added).  On this record, we agree with the trial court's determination that Appellant failed to establish Appellee's constructive notice of the hazard.  *See Estate of Swift, supra*; *Moultrey, supra*.  *See also Rodriguez v. Kravco Simon Co.*, 111 A.3d 1191, 1195 (Pa.Super. 2015) (explaining store owner owes duty of care to patrons; however, no action is necessary if store owner does not know about spill or spill did not exist long enough to impute store owner's knowledge of it).

Additionally, Appellee's summary judgment motion included incident reports and Ms. Collins' witness statement.  (*See* Summary Judgment Motion at Appendix C).  Ms. Collins stated she had checked the stalls for "wetness" and paper towels approximately five minutes before Appellant entered the restroom.  (*Id.*)  To the extent Appellant contends this statement demonstrates a question of material fact regarding constructive notice, we disagree with such a characterization.  Ms. Collins' statement does not even

mention the "spots," and such evidence cannot definitively establish how long they might have been on the floor. **_See Neve, supra_**. Absent more, the court did not abuse its discretion or commit an error of law by entering summary judgment in favor of Appellee. **_See Mee, supra_**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/21