J-A09002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WANDA SPARKS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CONLEY-BEAVER CORP., T/D/B/A SUPER 8 HOTEL | |
| Appellee | No. 910 WDA 2020 |

Appeal from the Order Dated August 6, 2020
In the Court of Common Pleas of Beaver County
Civil Division at No.: 10936-2017

BEFORE:  STABILE, J., MCCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED:  June 11, 2021**

Appellant Wanda Sparks appeals from the August 6, 2020 order of the Court of Common Pleas of Beaver County ("trial court"), which granted summary judgment in favor of Appellee Conley-Beaver Corp., t/d/b/a Super 8 Hotel (the "Hotel" or "Super 8") and dismissed Appellant's negligence complaint.  Upon review, we reverse and remand.

On July 14, 2017, Appellant initiated the instant civil action by filing a writ of summons.  On October 10, 2017, Appellant filed a complaint against the Hotel, alleging a single cause of action for negligence.  Appellant alleged that, on July 19, 2015, she "was a paying guest of [the Hotel]."  Complaint, 10/10/17, at ¶ 4.  While in her room at the Super 8, Appellant allegedly

_____

[*] Retired Senior Judge assigned to the Superior Court.

attempted to use the shower and "slipped and fell on the slick surface of the bathtub/shower." *Id.* at ¶ 5. Appellant alleged that the Hotel knew or should have known of the dangerous or defective condition of the bathtub/shower and thus was negligent in failing to ensure that it "was safe for invitees," such as her, for purposes of showering. *Id.* at ¶¶ 7-9. Specifically, Appellant alleged that the Hotel failed "to properly clean the bathtub shower so as to permit soap or cleaning residue to create a slick and slippery condition of the bathtub shower." *Id.* at ¶ 13(i). She further alleged that, as a direct result of her fall, she suffered serious and permanent injuries, including fracture of her right wrist and bruising and contusions to her body. *Id.* at ¶¶ 11-15.

On April 2, 2018, the Hotel filed an answer, denying the averments of the complaint and asserting new matter. Following the completion of discovery, the Hotel moved for summary judgment against Appellant, alleging that Appellant "has not offered any evidence regarding the alleged dangerous condition that caused her to fall, or has she offered any evidence of a defect with the tub." Motion for Summary Judgment, 3/17/20, at ¶ 7. The Hotel further alleged that "slipping in a tub is an expected and known danger that one should protect one's self against." *Id.* at ¶ 8. The Hotel claimed that Appellant was not entitled to relief because she could not establish a *prima facie* case for negligence. *Id.* at ¶ 9. According to the Hotel, Appellant "failed to offer any evidence showing (1) a dangerous condition with the tub or (2) a defective condition with the tub." *Id.*

Following Appellant's response to the Hotel summary judgment motion, the trial court, on April 14, 2020, issued an order permitting additional discovery limited to deposing two employees of the Hotel. Thereafter, on July 20, 2020, Appellant filed a supplemental brief in opposition to the Hotel's summary judgment motion. In support, Appellant highlighted the late deposition testimony of the two employees who purportedly corroborated Appellant's allegations, *i.e.*, that the Hotel was aware of the dangerous condition of the bathtub and that the application of a cleaning agent rendered the tub unreasonably slippery at the time of her fall.

On August 6, 2020, following a hearing, the trial court granted the Hotel's motion for summary judgment as a matter of law. In so doing, it reasoned:

> The evidence offered by deposition testimony indicates that [Appellant] turned the shower on and adjusted the temperature, then she put one foot in and then just fell out of the tub. [Appellant] is unsure of which foot slipped – the one in the tub or the one that remained outside the tub. [Appellant] also stated that she never physically entered the tub. When asked why she slipped, she stated that the tub was slippery. Upon reporting the fall to the front desk, [Appellant] stated that she was told by the front desk receptionist that glass cleaner is used to clean the tubs. [Appellant] argues that the alleged use of Windex caused an unreasonably slippery condition of the bathtub.
>
> Taken collectively, [Appellant] has maintained that she is not sure which foot actually caused her to slip and fall. [She] has offered no direct evidence that any sort of cleaner or slippery substance of any kind was in the bathtub/shower, aside from the water that she turned on just prior to attempting to enter the bathtub/shower. . . . There has been no evidence of a defect of the bathtub/shower. Furthermore, [Appellant] ha[s] alleged nothing beyond the possibility that a cleaning agent may have

- 3 -

been in the bathtub/shower when she entered, but that mere possibility has not been established to be true. Furthermore, even if the presence of glass cleaner was proven, there has been no evidence indicating how that made the bathtub/shower any more slippery.

Trial Court Opinion, 8/6/20, at 3-4 (record citations, citations and quotation marks omitted). Based on the foregoing, the trial court concluded:

[Appellant] ha[s] produced no evidence that [the Hotel] failed to meet its duty of care or that such failure caused [her] injuries. There has been no evidence to establish that any sort of cleaner was present in the bathtub/shower at the time [Appellant] slipped and fell. Even if [Appellant] proved a cleaning agent was present, there has been no evidence of whether or not that cleaning agent makes the bathtub/shower more slippery. Furthermore, [Appellant] is unable to state with certainty whether or not the slip and fall was caused by the foot inside of the bathtub/shower, or the one that remained on the outside of the bathtub/shower.

*Id.* at 4-5. Appellant appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents three issues for our review, which we reproduce verbatim:

I. Whether the trial court erred in finding that [the Hotel] is entitled to summary judgment where the record, when viewed most favorably to Appellant, supports a finding that Appellant articulated how and what caused her fall and where the trial court erred in failing to consider and properly apply material facts of record, including [Appellant's] testimony about how and why she fell.

II. Whether the trial court erred in finding that [the Hotel] is entitled to summary judgment where the record, when viewed most favorably to Appellant, supports a finding that [the Hotel] knowingly allowed a dangerous condition, unrinsed cleaner on a bathtub, to exist causing Appellant to fall and where the trial court erred in failing to consider and properly apply material facts of

- 4 -

record, including [the Hotel] employee's testimony admitting that she does not rinse the cleaner from the bathtubs after wiping them down.

III. Whether the trial court erred in finding that [the Hotel] is entitled to summary judgment where the record, when viewed most favorably to Appellant, established facts from which a causal connection may be found have been testified to with sufficient clearness and definiteness that a layman of ordinary affairs of life could infer the cause from the effect, and that unrinsed cleaner on a bathtub causes a slippery and defective condition of the property.

Appellant's Brief at 4.

For purposes of disposition, we combine Appellant's first two issues. Appellant argues that the trial court erred in granting the Hotel's motion for summary judgment because genuine issues of material fact exist. Specifically, she claims that evidence of record demonstrates how she fell, and what caused her fall. Appellant also claims that the Hotel was aware of the dangerous condition of the tub at the time of her fall because one of its employees admitted to using a cleaning agent—possibly a glass cleaner—to clean the bathtub and wiping it on the tub's surface. *Id.* at 8.

We review a challenge to the entry of summary judgment as follows: [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P. No. 1035.2. The rule [provides] that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment.

Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted; brackets in original).

Pennsylvania law burdens a plaintiff on a negligence claim to successfully establish the proverbial four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Estate of Swift by Swift v. Northeastern Hosp.*, 690 A.2d 719, 722 (Pa. Super. 1997), *appeal denied*, 701 A.2d 577 (Pa. 1997). "The burden of proving the existence of negligence rests upon the party who has asserted it." *Schmoyer by Schmoyer v. Mexico Forge, Inc.*, 649 A.2d 705, 707 (Pa. Super. 1994). "The mere fact that an accident has occurred does not entitle the injured person to a verdict. A plaintiff must show that the defendant owed a duty of care, and that this duty was breached." *Rauch v. Mike-Mayer*, 783 A.2d 815, 824 n.8 (Pa. Super. 2001) (internal citations omitted), *appeal denied*, 793 A.2d 909 (Pa. 2002).

The parties here agree that Appellant was a business invitee at the time of her injury. N.T. Hearing, 7/20/20, at 4. In *Gutteridge*, we recognized:

The duty of care owed to a business invitee (or business visitor) is the highest duty owed to any entrant upon land. The landowner must protect an invitee not only against known dangers, but also

- 6 -

against those which might be discovered with reasonable care. Our case law sets forth the duty that a possessor of land owes to business invitees as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Gutteridge v. A.P. Green Servs. Inc.*, 804 A.3d 643, 656 (Pa. Super. 2002) (citations omitted), *appeal denied*, 829 A.2d 1158 (Pa. 2003).

It is well-settled in Pennsylvania that summary judgment may be granted only "in the clearest of cases" where the record shows genuine issues of material fact. *Reason v. Kathryn's Korner Thrift Shop*, 169 A.3d 96, 100 (Pa. Super. 2017). This is not one of those cases. Contrary to the trial court's determination, our review of the pleadings and depositions in this matter reveals an existence of genuine issues of material fact as to how Appellant fell and what caused her fall. Specifically, Appellant's deposition testimony indicates that her right foot slipped when she entered the bathtub.[1]

---

[1] As the Hotel points out, Appellant's deposition testimony was contradictory in this regard. Appellee's Brief at 4-5; *see* N.T. Hearing, 7/20/20, at 4-5 (Appellant's "testimony contradicts itself in the deposition, but in the end . . . she said that she stepped in with her right foot and slips and falls."). *(Footnote Continued Next Page)*

*See* N.T. Deposition, 10/8/19, at 77 (Appellant testified that she felt her right foot slip when she got into the tub).

Moreover, our review of the record also belies the trial court's determination that Appellant furnished no direct evidence "that any sort of cleaner or slippery substance of any kind was in the bathtub/shower." Trial Court Opinion, 8/6/20, at 4. Carla Johnston, a housekeeper at the Hotel, testified at her deposition that she used a cleaning agent to clean bathtubs at the Super 8. According to Ms. Johnston, she did not rinse the cleaning agent after applying it to bathtubs but rather just wiped it down with a cloth. N.T. Deposition, 6/8/20, at 25. The exact nature of the cleaning agent, however, is not clear. The record suggests it could have been a generic glass cleaner—Windex equivalent. Nonetheless, at this juncture, for purposes of overcoming summary judgment, Appellant has produced sufficient evidence to show that a cleaning agent was allowed to remain on the surface of the bathtub after use, creating an unreasonably slippery condition that caused her right foot to slip. Thus, upon careful review of the entire record, viewed in the light most favorable to Appellant as the non-moving party, we must disagree with the

---

Specifically, at other, earlier, points in her deposition testimony, Appellant indicated that she was "not sure which foot" she used to enter the tub or whether the "foot in the tub" or the "foot that had remained outside the tub" had slipped. *Id.* at 2-4 (record citations omitted). To the extent her deposition testimony was contradictory, such contradictions would implicate weight and credibility concerns, which are within the purview of a fact-finder at trial and are not a proper consideration at the summary judgment stage where we must view the evidence in a light most favorable to the non-moving party. *See Goodwin*, *supra*.

trial court's conclusion that Appellant failed to make out a *prima facie* case for negligence. Accordingly, the trial court erred in granting the Hotel's motion for summary judgment.

We now turn to Appellant's last issue that an expert opinion was not required to establish that the use of the cleaning agent, which remained unrinsed on the surface of the bathtub, rendered the tub slippery, causing her to fall. Appellant's Brief at 15. In support, she points out that "a layman of ordinary affairs of life could infer the cause from the effect, *viz.* that unrinsed cleaner on a bathtub causes a slippery and defective condition of the property." **Id.** at 15-16. The Hotel, on the other hand, argues that summary judgment was proper because it is beyond the scope of the average juror's normal experience to determine that unrinsed cleaning agent, possibly Windex, could render a bathtub unreasonably slippery. **See** Appellee's Brief at 9-12. The Hotel notes that a glass cleaner, possibly Windex, is not "an oil-based product" and questions whether it could, when unrinsed, cause a bathtub to become more slippery. **Id.**

Here, as mentioned above, the record before us is unclear about the exact nature of the cleaning agent used. As a result, we are unable to engage in meaningful appellate review. Appellant's key allegation is that but for the bathtub's unreasonably slippery condition, she would not have fallen. Again, what exactly made the bathtub slippery is not clear from the record, which indicates only that either a glass cleaner, possibly Windex, or some other cleaning agent was used to wipe it down prior to Appellant's fall. Given this

obscurity in the record, we find it necessary to remand this matter to the trial court for further discovery. The parties should be permitted to conduct additional discovery necessary to identify or clarify what cleaning agent was used by the Hotel to clean bathtubs prior to or on the day of Appellant's fall and resulting injuries. If the parties are able to identify the cleaning agent used, it then can be determined whether expert testimony is necessary to relate the cleaner with the slippery condition.[2]

In sum, we reverse the trial court's grant of summary judgment in favor of the Hotel and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.
Judgment Entered.

_Joseph D. Seletyn, Esq._
Prothonotary

Date: 06/11/2021

_____

[2] When a plaintiff's negligence theory demands analysis that is beyond the realm of the average juror's normal experience, expert testimony is required. **_Young v. Dept. of Transp._**, 744 A.2d 1276, 1278 (Pa. 2000). However, such testimony is not required when the subject matter is "so simple and the lack of skill or want of care is so obvious, as to be within the range of the ordinary experience and comprehension of even non-professional persons." **_Ovitsky v. Capital City Econ. Dev. Corp._**, 846 A.2d 124 (Pa. Super. 2004) (citation omitted).